UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU
and GEORGE THIBEAU,
        Plaintiffs,

v.

UNITED STATES OF AMERICA
        Defendant.

Docket No. 04-10643MLW

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### Parties

1. Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.
2. George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.
3. The United States of America funds the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.
4. The United States of America operates and maintains the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.

### Jurisdiction

5. This court has jurisdiction because the defendant funds and/or operates and/or maintains the Health Center, which was allegedly negligent and which is therefore subject to the United States Federal Tort Claims Act.
6. Pursuant to the requirements of the Federal Tort Claims Act plaintiffs presented their claim for damages resulting out of Judith Thibeau's accident of September 26, 2002, by mailing such claim to the Department of Health and Human Services on August 6 2003.
7. The Department of Health and Human Services received plaintiffs' claim letter on August 11, 2003.

8. As of the date of this complaint, which is more than six months after filing of the aforementioned claim, the Department of Health and Human Services has not made a final determination or response to the claim.

**Facts**

9. On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.
10. The building located at 79 Paris Street is owned by the Health Center.
11. The building located at 79 Paris Street is maintained by the Health Center.
12. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the Health Center.
13. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.
14. The Health Center administers and staffs the Vision Center.
15. The Vision Center is a subdivision of the Health Center.
16. The defendant administers the actions of the Health Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.
17. The defendant is responsible for the actions of the Health Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.
18. The defendant is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]
19. The defendant operates and/or is responsible for the operation of the Health Center.
20. The defendant owed a duty to protect lawful visitors such as Judith Thibeau against dangerous conditions on the premises.
21. The defendant owed a duty to lawful visitors such as Judith Thibeau to keep the premises reasonably safe.
22. On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center of the Health Center.
23. As part of her examination the Health Center administered dilating eye drops to Ms.

Thibeau's eyes.

24. As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.

25. After her examination, and after having her eyes dilated, Ms. Thibeau left the vision center, which was located on the second floor of the Health Center, and walked down the stairs of the Health Center building to the first floor of that building.

26. As Judith Thibeau walked down the stairs inside the Health Center she fell, thereby suffering personal injuries.

27. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.

28. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.

29. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.

30. The defendant failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.

31. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

32. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

33. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

34. The defendant breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

35. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.
36. The proximate cause of the aforementioned accident was the negligence of the defendant.
37. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.
38. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.
39. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

**COUNT I**

40. Plaintiff repeats and realleges the allegations of paragraphs 1-39 as if fully set forth herein.
41. The negligence of defendant proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

**COUNT II**

42. Plaintiff repeats and realleges the allegations of paragraphs 1-39 as if fully set forth herein.
43. The negligence of defendant proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

**JURY CLAIM**

Plaintiff claims a trial by jury on all claims and issues so triable.

                                                 Plaintiffs,
Judith and George Thibeau,
by their attorney,

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of Plaintiff's First Amended Complaint were served upon the following parties by Certified Mail, Return Receipt Requested:

Attorney General for the United States
Department of Justice
950 Pennsylvania Ave. N.W.
Washington, DC 20530-0001

United States Attorney for the District of Massachusetts
Civil Process Clerk
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

The United States Department of Health and Human Services
Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Room 5362
Cohen Building
330 Independence Ave., S.W.
Washington, DC 20201

DATED: 4/9, 2004

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446
(617) 738-7880