UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JUDITH THIBEAU AND GEORGE THIBEAU,** | : | |
| **Plaintiffs** | : | |
| v. | : | Case No. 04-10643 MLW |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant** | : | |

### ANSWER TO AMENDED COMPLAINT

Defendant United States of America, by its undersigned attorneys, hereby answers Plaintiffs' Complaint as follows:

### First Defense

The Complaint fails to state a claim upon against defendant upon which relief can be granted.

### Second Defense

Any injuries incurred by Plaintiffs were not proximately caused by the acts or omissions of Defendant, its agents and employees.

### Third Defense

Plaintiffs' alleged injuries were caused at least in part by their own failure to exercise due care.

### Fourth Defense

This Court lacks subject matter jurisdiction over the claims of George Thibeau.

### Fifth Defense

George Thibeau has failed to exhaust his administrative remedies.

### **Sixth Defense**

Defendants hereby answer the numbered paragraphs of the Complaint in accordance with the order and manner set forth in the Complaint:

1. Defendant admits that Judith Thibeau is an adult but is without knowledge sufficient to form a belief as to the truth of this allegation.

2. Defendant admits that George Thibeau is an adult but is without knowledge sufficient to form a belief as to the truth of this allegation.

3. Admit.

4. Deny.

5. This paragraph contains conclusions of law regarding jurisdiction to which no response is required. To the extent that this paragraph alleges that Defendant operates or maintains the health center, or that it was negligent, those allegations are denied. Defendant also denies that this Court has subject matter jurisdiction over the claim by George Thibeau.

6. Defendant admits only that Judith Thibeau filed an administrative claim with the Department of Health and Human Services on August 11, 2003, regarding an alleged injury sustained on September 26, 2002, and denies the remainder of this paragraph. Defendant specifically denies that George Thibeau exhausted his administrative remedies.

7. Defendant admits only that it received the administrative claim of Judith Thibeau on August 11, 2003.

8. Admit.

9. Defendant admits that Judith Thibeau visited the health center located at 79 Paris

Street, East Boston, on September 26, 2002.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit that the health center administers the Vision Center but deny that all staff of the Vision Center are health center employees.

15. In the absence of a definition of the word "subdivision" as used in this context, deny.

16. Deny.

17. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, deny.

18. Deny.

19. Deny.

20. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, deny.

21. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, deny.

22. Defendant admits that Judith Thibeau had her eyes examined at the Vision Center on September 26, 2002.

23. Admit only that dilating drops were administered to Ms. Thibeau's eyes.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

3

25. Admit.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

34. Deny.

35. Deny.

36. Deny.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

40. In response to this paragraph, Defendant incorporates all prior responses set forth

above.

41. Deny.

42. In response to this paragraph, Defendant incorporates all prior responses set forth above.

43. Defendant denies the allegations of this paragraph and specifically denies that this Court has subject matter jurisdiction over the claim of George Thibeau.

Defendant states affirmatively that Plaintiffs are not entitled to a trial by jury under the Federal Tort Claims Act.

                                                    Respectfully submitted,

                                                    MICHAEL J. SULLIVAN
                                                    UNITED STATES ATTORNEY

                                                    <u>/s/ Christopher Alberto</u>
                                                    Christopher Alberto
                                                    Assistant U.S. Attorney
                                                    One Courthouse Way, Suite 9200
                                                    Boston, MA 02210
                                                    (617) 748-3311

OF COUNSEL:
Alex M. Azar II
General Counsel

Katherine M. Drews
Associate General Counsel

Richard G. Bergeron
Office of the General Counsel
Department of Health and Human Services
330 Independence Ave., SW, Rm. 4760
Washington, D.C. 20201