UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU                                          Docket No. 04-10643MLW
and GEORGE THIBEAU,
                      Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
                      Defendants.


## PLAINTIFFS' SECOND AMENDED COMPLAINT


### Parties


1.    Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2.    George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is
      married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3.    Defendant United States of America [hereinafter referred to as "United States"] funds the
      East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"]
      through the Department of Health and Human Services.

4.    The United States of America operates and maintains the East Boston Neighborhood Health
      Center [hereinafter referred to as "the Health Center"] through the Department of Health
      and Human Services.

5.    Defendant East Boston Neighborhood Health Center Corporation [hereinafter referred to as
      EBNHCC] operates the East Boston Neighborhood Health Center which has offices at 79
      Paris Street, East Boston, Suffolk County, Massachusetts.

6.    Defendant EBNHCC owns the building which is located at 79 Paris Street, East Boston,
      Suffolk County, Massachusetts.

7.    Defendant EBNHCC maintains the building which is located at 79 Paris Street, East
      Boston, Suffolk County, Massachusetts.

## Jurisdiction

8.  This court has jurisdiction because the defendant United States funds and/or operates and/or maintains the Health Center, which was allegedly negligent and which is therefore subject to the United States Federal Tort Claims Act.

9.  Pursuant to the requirements of the Federal Tort Claims Act plaintiffs presented their claim for damages resulting out of Judith Thibeau's accident of September 26, 2002, by mailing such claim to the Department of Health and Human Services on August 6 2003.

10. The Department of Health and Human Services received plaintiffs' claim letter on August 11, 2003.

11. As of the date of this complaint, which is more than six months after filing of the aforementioned claim, the Department of Health and Human Services has not made a final determination or response to the claim.

12. This court has jurisdiction over defendant EBNHCC because plaintiffs original complaint against this defendant in Massachusetts Superior Court was removed by the defendant to this Federal Court as a companion action.

## Facts

13. On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

14. The building located at 79 Paris Street is owned by defendant EBNHCC.

15. The building located at 79 Paris Street is maintained by defendant EBNHCC.

16. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the Health Center.

17. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

18. Defendant United States Health administers, staffs and is responsible for the employees of the Vision Center.

- 2 -

19.   The Vision Center is a subdivision of the Health Center.

20.   The defendant United States administers the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

21.   The defendant United States is responsible for the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

22.   The defendant, EBNHCC is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]

23.   On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center of the Health Center.

24.   As part of her examination the Health Center administered dilating eye drops to Ms. Thibeau's eyes.

25.   As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.

26.   After her examination, and after having her eyes dilated, Ms. Thibeau left the vision center, which was located on the second floor of the Health Center, and walked down the stairs of the Health Center building to the first floor of that building.

27.   As Judith Thibeau walked down the stairs inside the Health Center she fell, thereby suffering personal injuries.

28.   Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.


## Breach Of Duty Of Care By The United States


29.   The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.

30.   The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.

31.   The defendant United States failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.

32. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

33. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

34. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

35. The defendant United States breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

## Proximate Cause and Damages

36. The proximate cause of the aforementioned accident was the negligence of the defendant United States.

37. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

38. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had
to     expend time and energy in caring for his wife.

39. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## Breach Of Duty Of Care (Premises Liability) By EBNHCC

40. The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually

impaired condition.

41. The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

42. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

43. The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail on the stairs where Ms. Thibeau fell.

44. The defendant EBNHCC breached its duty of care to protect Judith Thibeau against dangerous and/or defective conditions on the premises.

45. The defendant EBNHCC breached its duty of care to warn Judith Thibeau of dangerous and/or defective conditions on the premises.

46. The defendant EBNHCC breached its duty of care to Judith Thibeau to keep the premises reasonably safe.

47. The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

## Proximate Cause and Damages

48. The proximate cause of the aforementioned accident was the negligence of the defendant EBNHCC.

49. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

50. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

51. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## COUNT I - NEGLIGENCE OF UNITED STATES

52.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

53.    The negligence of defendant United States of America proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT II - NEGLIGENCE OF UNITED STATES

54.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

55.    The negligence of defendant United States of America proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## COUNT III - PREMISES LIABILITY NEGLIGENCE OF EBNHCC

56.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

57.    The negligence of defendant East Boston Neighborhood Health Center proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT IV - PREMISES LIABILITY NEGLIGENCE OF EBNHCC

58.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

59.    The negligence of defendant East Boston Neighborhood Health Center Corporation proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## JURY CLAIM

Plaintiff claims a trial by jury on all claims and issues so triable.

Plaintiffs,
Judith and George Thibeau,
by their attorney,

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880

- 7 -

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on July 19, 2004.

Christopher Alberto, Esq.
Assistant U.S. Attorney
United States Attorney for The District of Massachusetts
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Tory A. Weigand, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick
1330 Beacon Street, Suite 311
Brookline, MA 02446
(617) 738-7880