UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JUDITH THIBEAU AND GEORGE THIBEAU,** : <br> : <br> **Plaintiffs** : <br> v. : <br> : <br> **UNITED STATES OF AMERICA,** : <br> **EAST BOSTON NEIGHBORHOOD** : <br> **HEALTH CENTER CORPORATION** : <br> : <br> **Defendants.** : <br> _____ : | Case No. 04-10643- MLW |

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant United States of America, by its undersigned attorneys, hereby answers Plaintiffs' Second Amended Complaint as follows:

1. Admit.

2. Admit.

3. Admit.

4. Deny.

5. Admit.

6. The United States is without knowledge or information sufficient to form a belief as to the truth of this allegation directed to co-defendant East Boston Neighborhood Health Center Corporation.

7. The United States is without knowledge or information sufficient to form a belief as to the truth of this allegation directed to co-defendant East Boston Neighborhood Health Center Corporation.

8. This paragraph contains conclusions of law regarding jurisdiction to which no

response is required.  To the extent that this paragraph alleges that the United States operates a health center, that was negligent, those allegations are denied.  Defendant also denies that this Court has subject matter jurisdiction over the claim by George Thibeau.

9.  Defendant admits only that Judith Thibeau filed an administrative claim with the Department of Health and Human Services on August 11, 2003, regarding an alleged injury sustained on September 26, 2002, and denies the remainder of this paragraph.  Defendant specifically denies that George Thibeau exhausted his administrative remedies, and states affirmatively that his administrative claim was filed on June 8, 2004.

10.  Defendant admits only that it received the administrative claim of Judith Thibeau on August 11, 2003.

11.  Deny.

12.  This paragraph states a conclusion of law regarding jurisdiction over the claims against co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response.

13. Defendant admits that Judith Thibeau visited the health center located at 79 Paris Street, East Boston, on September 26, 2002.

14. The United States is without knowledge or information sufficient to form a belief as to the truth of this allegation directed to co-defendant East Boston Neighborhood Health Center Corporation.

15. The United States is without knowledge or information sufficient to form a belief as to the truth of this allegation directed to co-defendant East Boston Neighborhood Health Center Corporation.

16. Admit.

17. Admit.

18. Deny.

19. The United States is without knowledge or information sufficient to form a belief as to the truth of this allegation directed to co-defendant East Boston Neighborhood Health Center Corporation.

20. Deny.

21. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, deny.

22. This paragraph contains conclusions of law directed to co-defendant East Boston Neighborhood Health Center Corporation as to which no response is required by the United States. To the extent a response is required, deny.

23. Defendant admits that Judith Thibeau had her eyes examined at the Vision Center on September 26, 2002.

24. Admit only that dilating drops were administered to Ms. Thibeau's eyes.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

26. Admit.

27. Defendant is without knowledge or information sufficient to form a belief as to the

truth of this allegation.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

35. Deny.

36. Deny.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

40. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

41. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

43. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

44. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

45. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

46. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

47. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

48. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States. To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

52. Defendant repeats the responses contained in paragraphs 1 through 51 as if fully set forth herein.

53. Deny.

54. Defendant repeats the responses contained in paragraphs 1 through 51 as if fully set forth herein.

55. Deny.

56. Defendant repeats the responses contained in paragraphs 1 through 51 as if fully set forth herein.

57. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States.  To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

58. Defendant repeats the responses contained in paragraphs 1 through 51 as if fully set forth herein.

59. This allegation is directed to co-defendant East Boston Neighborhood Health Center Corporation and therefore requires no response from the United States.  To the extent a response is required, the United States is without knowledge sufficient to form a belief as to the truth of this allegation.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon against defendant upon which relief can be granted.

### Second Defense

Any injuries incurred by Plaintiffs were not proximately caused by the acts or omissions of Defendant, its agents and employees.

### Third Defense

Plaintiffs' alleged injuries were caused at least in part by their own failure to exercise due care.

### Fourth Defense

This Court lacks subject matter jurisdiction over the claims of George Thibeau.

**Fifth Defense**

George Thibeau has failed to exhaust his administrative remedies.

Defendant states affirmatively that Plaintiffs are not entitled to a trial by jury under the Federal Tort Claims Act.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Michael J. Sullivan<br>United States Attorney<br>District of Massachusetts |
|  | /s/ Christopher Alberto |
| Dated: August 12, 2004 | Christopher Alberto<br>Assistant United States Attorney<br>John Joseph Moakley United States Courthouse<br>1 Courthouse Way<br>Suite 9200<br>Boston, Massachusetts 02210 |

OF COUNSEL:
Alex M. Azar II
General Counsel

Jeffrey S. Davis
Acting Associate General Counsel

Richard G. Bergeron
Acting Deputy Associate General Counsel
Office of the General Counsel
Department of Health and Human Services
330 Independence Ave., SW, Rm. 4760
Washington, D.C. 20201