# EXHIBIT 1

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU,     )
And GEORGE THIBEAU,   )
   Plaintiffs       )
             )
VS.           )   **CIVIL ACTION**
             )   **NO. 04-10643 MLW**
UNITED STATES OF AMERICA  )
and EAST BOSTON NEIGHBORHOOD )
HEALTH CENTER CORPORATION, )
   Defendants     )

**FIRST AMENDED ANSWER OF DEFENDANT,
EAST BOSTON NEIGHBORHOOD HEALTH CENTER CORPORATION,
TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AND JURY DEMAND**

FIRST DEFENSE

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendant, East Boston Neighborhood Health Center Corporation, responds to the allegations of the Plaintiffs' Second Amended Complaint, paragraph by paragraph, as follows:

**Parties**

1.  The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 1 of the Plaintiffs' Second Amended Complaint.

2.  The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 2 of the Plaintiffs' Second Amended Complaint.

973801v1

3.    The defendant admits the allegations set forth in Paragraph 3 of the Plaintiffs' Second Amended Complaint.

4.    The defendant admits the allegations set forth in Paragraph 4 of the Plaintiffs' Second Amended Complaint.

5.    The defendant admits the allegations set forth in Paragraph 5 of the Plaintiffs' Second Amended Complaint.

6.    The defendant denies the allegations set forth in Paragraph 6 of the Plaintiffs' Second Amended Complaint.

7.    The defendant admits the allegations set forth in Paragraph 7 of the Plaintiffs' Second Amended Complaint.

<u>**Jurisdiction**</u>

8.    The defendant states that the allegations set forth in Paragraph 8 of the Plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

9.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 9 of the Plaintiffs' Second Amended Complaint.

10.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 10 of the Plaintiffs' Second Amended Complaint.

11.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 11 of the Plaintiffs' Second Amended Complaint.

12.    The defendant admits that the present action was removed from Massachusetts Superior Court to this Federal Court by the defendant.  The defendant further answers that the remaining allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

2

## Facts

13.    The defendant admits the allegations set forth in Paragraph 13 of the Plaintiffs' Second Amended Complaint.

14.    The defendant denies the allegations set forth in Paragraph 14 of the Plaintiffs' Second Amended Complaint.

15.    The defendant admits the allegations set forth in Paragraph 15 of the Plaintiffs' Second Amended Complaint.

16.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 16 of the Plaintiffs' Second Amended Complaint.

17.    The defendant admits the allegations set forth in Paragraph 17 of the Plaintiffs' Second Amended Complaint.

18.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

19.    The defendant answers that the Vision Center is a clinical department of the clinic and otherwise denies the remaining allegations set forth in Paragraph 19 of the Plaintiffs' Second Amended Complaint.

20.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant and otherwise sets forth conclusions of law.

21.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant and otherwise sets forth conclusions of law.

3

22.    The defendant admits the allegations set forth in Paragraph 22 of the Plaintiffs' Second Amended Complaint.

23.    The defendant admits the allegations set forth in Paragraph 23 of the Plaintiffs' Second Amended Complaint.

24.    The defendant admits that eyedrops were administered to Ms. Thibeau on September 26, 2002 and that the eyedrops were either administered by the attending physician or a medical student under the direction and supervision of the physician.

25.    The defendant denies the allegations set forth in Paragraph 25 of the Plaintiffs' Second Amended Complaint.

26.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 26 of the Plaintiffs' Second Amended Complaint.

27.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 27 of the Plaintiffs' Second Amended Complaint.

28.    The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 28 of the Plaintiffs' Second Amended Complaint.

### Breach Of Duty of Care By The United States

29.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

30.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

31.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

4

32.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

33.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

34.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

35.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

## Proximate Cause and Damages

36.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

37.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

38.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

39.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

## Breach Of Duty Of Care (Premises Liability) By EBNHCC

40.    The defendant denies the allegations set forth in Paragraph 40 of the Plaintiffs' Second Amended Complaint.

41.    The defendant denies the allegations set forth in Paragraph 41 of the Plaintiffs' Second Amended Complaint.

5

42.    The defendant denies the allegations set forth in Paragraph 42 of the Plaintiffs' Second Amended Complaint.

43.    The defendant denies the allegations set forth in Paragraph 43 of the Plaintiffs' Second Amended Complaint.

44.    The defendant denies the allegations set forth in Paragraph 44 of the Plaintiffs' Second Amended Complaint.

45.    The defendant denies the allegations set forth in Paragraph 45 of the Plaintiffs' Second Amended Complaint.

46.    The defendant denies the allegations set forth in Paragraph 46 of the Plaintiffs' Second Amended Complaint.

47.    The defendant denies the allegations set forth in Paragraph 47 of the Plaintiffs' Second Amended Complaint.

### Proximate Cause and Damages

48.    The defendant denies the allegations set forth in Paragraph 48 of the Plaintiffs' Second Amended Complaint.

49.    The defendant denies the allegations set forth in Paragraph 49 of the Plaintiffs' Second Amended Complaint.

50.    The defendant denies the allegations set forth in Paragraph 50 of the Plaintiffs' Second Amended Complaint.

51.    The defendant denies the allegations set forth in Paragraph 51 of the Plaintiffs' Second Amended Complaint.

973801v1

## COUNT I – NEGLIGENCE OF UNITED STATES

52.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

53.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

## COUNT II – NEGLIGENCE OF UNITED STATES

54.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

55.    The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

## COUNT III – PREMISES LIABILITY NEGLIGENT OF EBNHCC

56.    The defendant denies the allegations set forth in Paragraph 56 of the Plaintiffs' Second Amended Complaint.

57.    The defendant denies the allegations set forth in Paragraph 57 of the Plaintiffs' Second Amended Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any of the relief requested in the Plaintiffs' Second Amended Complaint.

## COUNT IV – PREMISES LIABILITY NEGLIGENCE OF EBNHCC

58.    The defendant denies the allegations set forth in Paragraph 58 of the Plaintiffs' Second Amended Complaint.

59.    The defendant denies the allegations set forth in Paragraph 59 of the Plaintiffs' Second Amended Complaint.

7

973801v1

WHEREFORE, the defendant denies that the plaintiffs are entitled to any of the relief requested in the Plaintiffs' Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The defendant denies that the plaintiff is entitled to any of the relief requested in his Complaint.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that this action is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, is estopped to recover any judgment against the defendant.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, has waived any and all rights she may have had against the defendant, and, therefore, the plaintiff cannot recover in this action.

8

973801v1

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff consented to the defendant's alleged conduct, acts and statements and, therefore, the plaintiff cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the negligence of plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff, Judith Thibeau, caused or contributed to her alleged injuries and therefore, the plaintiff, Judith Thibeau, is barred from recovery under M.G.L. c.231, §85.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant submits that it is entitled to the protections and immunities, including the statutory cap of $20,000, provided for under G.L. c. 231 §85K.

## JURY DEMAND

In the above-entitled action, the *defendant, East Boston Neighborhood Health Center Corporation,* claims a trial by jury of all issues triable to a jury.

> Respectfully submitted,
> The Defendant,
> East Boston Neighborhood Health Center
>     Corporation
> By its attorneys,
>
> MORRISON MAHONEY LLP

.

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by electronic mail on

_____

_____
Tory A. Weigand

_____
Tory A. Weigand, B.B.O. 548553
Charles M. Urso, B.B.O. No. 647748
250 Summer Street
Boston, MA 02210
(617) 439-7500

9

973801v1

# EXHIBIT 2

4/2/04

1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
C.A. NO. 04-  04-1415

JUDITH THIBEAU and
GEORGE THIBEAU
    Plaintiffs

v.

EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
    Defendant

## COMPLAINT

1.    Plaintiff Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2.    Plaintiff George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3.    Defendant East Boston Neighborhood Health Center Corporation operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

4.    Defendant owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

5.    Defendant maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6.    On September 24, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7.    The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the East Boston Neighborhood Health Center [hereinafter referred to as "the Vision Center"].

8.    The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

9.    The Vision Center is a subdivision of the defendant.

35.    The negligence of defendant proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## JURY CLAIM

Plaintiff claims a trial by jury on all claims and issues so triable.

I HEREBY ATTEST AND CERTIFY ON
MAY 14, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

Plaintiffs
Judith and George Thibeau
by their attorney

James L. Frederick
Koufman & Frederick
1330 Beacon St., Suite 311
Brookline, MA 02446

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU
and GEORGE THIBEAU,
               Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
           Defendants.

Docket No. 04-10643MLW

## PLAINTIFFS' SECOND AMENDED COMPLAINT

### Parties

1. Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2. George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3. Defendant United States of America [hereinafter referred to as "United States"] funds the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.

4. The United States of America operates and maintains the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.

5. Defendant East Boston Neighborhood Health Center Corporation [hereinafter referred to as EBNHCC] operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6. Defendant EBNHCC owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7. Defendant EBNHCC maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

## Jurisdiction

8.    This court has jurisdiction because the defendant United States funds and/or operates and/or maintains the Health Center, which was allegedly negligent and which is therefore subject to the United States Federal Tort Claims Act.

9.    Pursuant to the requirements of the Federal Tort Claims Act plaintiffs presented their claim for damages resulting out of Judith Thibeau's accident of September 26, 2002, by mailing such claim to the Department of Health and Human Services on August 6 2003.

10.    The Department of Health and Human Services received plaintiffs' claim letter on August 11, 2003.

11.    As of the date of this complaint, which is more than six months after filing of the aforementioned claim, the Department of Health and Human Services has not made a final determination or response to the claim.

12.    This court has jurisdiction over defendant EBNHCC because plaintiffs original complaint against this defendant in Massachusetts Superior Court was removed by the defendant to this Federal Court as a companion action.

## Facts

13.    On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

14.    The building located at 79 Paris Street is owned by defendant EBNHCC.

15.    The building located at 79 Paris Street is maintained by defendant EBNHCC.

16.    The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the Health Center.

17.    The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

18.    Defendant United States Health administers, staffs and is responsible for the employees of the Vision Center.

- 2 -

19. The Vision Center is a subdivision of the Health Center.

20. The defendant United States administers the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

21. The defendant United States is responsible for the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

22. The defendant, EBNHCC is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]

23. On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center of the Health Center.

24. As part of her examination the Health Center administered dilating eye drops to Ms. Thibeau's eyes.

25. As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.

26. After her examination, and after having her eyes dilated, Ms. Thibeau left the vision center, which was located on the second floor of the Health Center, and walked down the stairs of the Health Center building to the first floor of that building.

27. As Judith Thibeau walked down the stairs inside the Health Center she fell, thereby suffering personal injuries.

28. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.

## Breach Of Duty Of Care By The United States

29. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.

30. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.

31. The defendant United States failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.

32.   The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

33.   The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

34.   The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

35.   The defendant United States breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

## Proximate Cause and Damages

36.   The proximate cause of the aforementioned accident was the negligence of the defendant United States.

37.   As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

38.   As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had
to    expend time and energy in caring for his wife.

39.   As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## Breach Of Duty Of Care (Premises Liability) By EBNHCC

40.   The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually

- 4 -

impaired condition.

41.    The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

42.    The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

43.    The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail on the stairs where Ms. Thibeau fell.

44.    The defendant EBNHCC breached its duty of care to protect Judith Thibeau against dangerous and/or defective conditions on the premises.

45.    The defendant EBNHCC breached its duty of care to warn Judith Thibeau of dangerous and/or defective conditions on the premises.

46.    The defendant EBNHCC breached its duty of care to Judith Thibeau to keep the premises reasonably safe.

47.    The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

## Proximate Cause and Damages

48.    The proximate cause of the aforementioned accident was the negligence of the defendant EBNHCC.

49.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

50.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had
to    expend time and energy in caring for his wife.

51.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## COUNT I - NEGLIGENCE OF UNITED STATES

52.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

53.    The negligence of defendant United States of America proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT II - NEGLIGENCE OF UNITED STATES

54.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

55.    The negligence of defendant United States of America proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## COUNT III - PREMISES LIABILITY NEGLIGENCE OF EBNHCC

56.    Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

57.    The negligence of defendant East Boston Neighborhood Health Center proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT IV - PREMISES LIABILITY NEGLIGENCE OF EBNHCC

58.     Plaintiff repeats and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

59.     The negligence of defendant East Boston Neighborhood Health Center Corporation proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## JURY CLAIM

Plaintiff claims a trial by jury on all claims and issues so triable.

Plaintiffs,
Judith and George Thibeau,
by their attorney,


James L. Frederick, Esq.
BBO #543597
Koufman & Frederick
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880

- 7 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing pleading was served upon the following attorney(s) VIA FIRST CLASS MAIL:

Christopher Alberto, Esq.
Assistant U.S. Attorney
United States Attorney for The District of Massachusetts
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Tory A. Weigand, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210

DATED: 8/18, 2004

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick
1330 Beacon Street, Suite 311
Brookline, MA 02446
(617) 738-7880