# EXHIBIT 4

Get a Document by Citation 2005 Mass. Super. LEXIS 471

Case 4:04-cv-10893-LTS   Document 23-3   Filed 11/14/2005   Page 2 of 34

Page 1 of 6

Service: **Get by LEXSEE®**
Citation: **2005 Mass. Super. LEXIS 471**

*2005 Mass. Super. LEXIS 471, **

Betty Rivera v. University of Massachusetts Memorial Healthcare

Opinion No.: 90399, Docket Number: 2000-1466B

SUPERIOR COURT OF MASSACHUSETTS, AT WORCESTER

2005 Mass. Super. LEXIS 471

September 16, 2005, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant hospital moved for partial summary judgment in plaintiff employee's personal injury action; the hospital sought to limit its potential liability to the statutory cap of $ 20,000 for charitable organizations in <u>Mass. Gen. Laws ch. 231, § 85K.</u>

**OVERVIEW:** The employee claimed that she told the hospital's director about her ex-boyfriend's calls and asked him to lock the door to the reception area, which he did not do. The ex-boyfriend later entered the office in a drunken rage and stabbed the employee several times in the arms and stomach until a nurse intervened and managed to hold him down until police arrived. The employee claimed that the hospital had a contractual duty to provide her with a safe working environment and failed to do so, that it failed establish that it was a charity for purposes of § 85K, or that the tort committed against her occurred during an activity in direct furtherance of the hospital's charitable purpose. The court held that the hospital met its burden of showing that it was a charitable organization. The employee's duties directly advanced the hospital's purpose of providing health care to people. Consequently, the tort committed against the employee occurred in the course of the hospital's charitable purpose. As a result, the hospital was entitled to partial summary judgment limiting its potential liability to the statutory cap for charitable organizations.

**OUTCOME:** The motion for partial summary judgment was allowed.

**CORE TERMS:** charitable, summary judgment, charitable organization, cap, charitable purpose, partial, charity, charitable purposes, moving party, accomplish, immunity, genuine issue of material fact, burden of demonstrating, dominant purpose, party opposing, matter of law, triable issue, affirmatively, demonstrating, classed, snow, fails to meet, receptionist, duty

### LexisNexis(R) Headnotes ◆ Hide Headnotes

<u>Civil Procedure</u> > <u>Summary Judgment</u> > <u>Summary Judgment Standard</u>
*HN1* Summary judgment is properly granted where there is no genuine issue of material fact, and a moving party is entitled to judgment as a matter of law. <u>Mass R. Civ. P. 56</u> <u>(c).</u> More Like This Headnote

<u>Civil Procedure</u> > <u>Summary Judgment</u> > <u>Burdens of Production & Proof</u>
*HN2* A party moving for summary judgment bears the burden of demonstrating affirmatively the absence of a triable issue and entitlement to judgment as a matter of law. This burden may be met by demonstrating that the opposing party has no

reasonable expectation of proving an essential element of its case at trial.  More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN3** If a party moving for summary judgment establishes the absence of a triable issue, the party opposing the motion must respond and allege facts that would establish the existence of a genuine issue of material fact in order to defeat the motion.  More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN4** In reviewing a summary judgment record, a court must read the record in a manner most gratifying to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.  More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN5** A party moving for summary judgment has the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings.  More Like This Headnote

Torts > Negligence > Defenses
Torts > Real Property Torts > General Premises Liability
**HN6** In a general premises liability context, under Mass. Gen. Laws ch. 231, § 85K, tort liability of a charitable organization is capped at $ 20,000, unless the organization's activities are primarily commercial in character.  More Like This Headnote

Evidence > Procedural Considerations > Burdens of Proof
Torts > Negligence > Defenses
**HN7** The burden rests with the party relying on the charitable immunity cap to establish (1) that it is a charity, and (2) that any injury that it may be responsible for under principles of tort law occurred in the course of an activity designed to accomplish in a direct manner its charitable purposes.  More Like This Headnote

Torts > Negligence > Defenses
**HN8** Hospitals are quintessentially the types of organizations that the Massachusetts legislature intended to benefit from the operation of the charitable immunity cap law in Mass. Gen. Laws ch. 231, § 85K.  More Like This Headnote

Torts > Negligence > Defenses
**HN9** In a tort liability context, an institution will be classed as charitable if the dominant purpose of its work is for the public good and the work done for its members is but the means adopted for this purpose. But if the dominant purpose of its work is to benefit its members or a limited class of persons it will not be so classed, even though the public will derive an incidental benefit from such work.  More Like This Headnote

Torts > Negligence > Defenses
**HN10** Neither the size of an organization, such as a hospital, nor simply the revenue-generating nature of the activity in question detracts from the organization's charitable status under Mass. Gen. Laws ch. 231, § 85K.  More Like This Headnote

Torts > Negligence > Defenses
**HN11** In a tort liability context, there is no requirement that a hospital provide free care to retain its charitable status.  More Like This Headnote

Evidence > Procedural Considerations > Burdens of Proof
Torts > Negligence > Defenses

Torts > Real Property Torts > General Premises Liability 🔍

*HN12* In a general premises liability case, a hospital has the burden of showing that it is a charitable organization under Mass. Gen. Laws ch. 231, § 85K, and that the tort committed occurred in the course of the hospital's charitable purpose. The fact that a fee was charged for services is not sufficient to take the hospital out of the protection of § 85K.  More Like This Headnote

Torts > Negligence > Defenses

*HN13* Under Mass. Gen. Laws ch. 231, § 85K, an organization shall not be liable for any activity carried on to accomplish directly the charitable purposes of such corporation.  More Like This Headnote

Evidence > Procedural Considerations > Burdens of Proof 🔍
Torts > Negligence > Defenses

*HN14* Once a defendant meets its burden of establishing its status as a charitable organization, the burden shifts to the plaintiff to show with admissible evidence the existence of a dispute as to material facts.  More Like This Headnote

**JUDGES: [*1]** Peter W. Agnes, Jr., Justice of the Superior Court.

**OPINIONBY:** Peter W. Agnes, Jr.

**OPINION:** *MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

The plaintiff, Betty Rivera, has brought this action against defendant UMass Memorial Health Care, Inc. ("UMHC"), arising out of a stabbing attack that occurred on UMHC's premises. Rivera alleges that UMHC negligently failed to provide adequate security for her personal safety, which was the direct and proximate cause of her injuries. UMHC now moves for partial summary judgment to limit its potential liability to the statutory cap of $ 20,000 for charitable organizations, pursuant to G.L.c. 231, § 85K. For the following reasons, UMHC's motion for partial summary judgment is *ALLOWED.*

*BACKGROUND*

The essential facts are not in dispute. On the date in question, the plaintiff was a receptionist for Memorial Home Health Care ("Home Health"), a department of UMHC. On May 28, 1997, the plaintiff's ex-boyfriend Robert Perez ("Perez") called her repeatedly at Home Health. The plaintiff claims that she told the director of Home Health of the phone calls and asked him to lock the door to the **[*2]** reception area, which he did not do. At 1:20 p.m., Perez entered the office, in a drunken rage, and stabbed the plaintiff several times in the arms and stomach until a nurse intervened and managed to hold him down until police arrived.

The plaintiff contends that UMHC had a contractual duty to provide her with a safe working environment and failed to do so. Further, the plaintiff argues that UMHC fails to meet its burden to establish that it and Home Health are charities for purposes of the statute, and that the tort committed occurred during an activity in direct furtherance of the organization's charitable purpose.

*DISCUSSION*

*HN15* Summary judgment is properly granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. MassR.Civ.P. 56(c); *Nashua Corp. v. First State Ins. Co.*, 420 Mass.196, 202, 648 N.E.2d 1272 (1995); *Cassesso v.*

*Comm'r of Corr.,* 390 Mass.419, 422, 456 N.E.2d 1123 (1983); *Cmty. Nat'l Bank v. Dawes,* 369 Mass.550, 553, 340 N.E.2d 877 (1976). **HN2⬧**The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and entitlement to judgment as a matter of law. *Pederson v. Time, Inc.,* 404 Mass.14, 16-17, 532 N.E.2d 1211 (1989) **[\*3]** . This burden may be met by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. *Flesner v. Technical Communications Corp.,* 410 Mass.805, 809, 575 N.E.2d 1107 (1991); *Kourouvacilis v. General Motors Corp.,* 410 Mass.706, 716, 575 N.E.2d 734 (1991).

**HN3⬧**"If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion]." *Pederson,* 404 Mass.at 17. **HN4⬧**In reviewing the summary judgment record, this Court "must read the record in the manner most gratifying to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Newport Plaza Assoc. v. Durfee Attleboro Bank,* 985 F.2d 640, 643 (1st Cir. 1993). **HN5**⬧As the party moving for summary judgment, the defendant has "the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings." *Mathers v. Midland-Ross Corp.,* 403 Mass.688, 690, 532 N.E.2d 46 (1989), quoting *Attorney Gen. v. Bailey,* 386 Mass.367, 371, 436 N.E.2d 139, cert. **[\*4]** denied, 459 U.S. 970, 74 L. Ed. 2d 282, 103 S. Ct. 301 (1982).

**HN6⬧**Under G.L.c. 231, § 85K, tort liability of a charitable organization is capped at $ 20,000, unless the organization's activities are "primarily commercial in character." See *Ayash v. Dana-Farber Cancer Inst.,* 443 Mass. 367, 391, 822 N.E.2d 667 (2005). **HN7⬧**The burden rests with the party relying on the charitable immunity cap to establish (1) that it is a charity, and (2) that any injury that it may be responsible for under principles of tort law occurred in the course of an activity designed to accomplish in a direct manner its charitable purposes. See ***Conners v. Northeast Hospital Corp., 439 Mass.469, 789 N.E.2d 129 (2003).*** **HN8**⬧Hospitals are quintessentially the types of organizations that the legislature intended to benefit from the operation of the charitable immunity cap law. ***Conners, supra at 473*** (citations omitted). As the court observed:

> **HN9⬧**An institution will be classed as charitable if the dominant purpose of its work is for the public good and the work done for its members is but the means adopted for this purpose. But if the dominant purpose of its work is to benefit its members or a limited class of persons it will not be so **[\*5]** classed, even though the public will derive an incidental benefit from such work.

*Id.* **at 474** (citations and quotations omitted). In ***Conners, supra,*** moreover, the Supreme Judicial Court again considered the policy arguments that have been advanced over the years about the wisdom and fairness of the charitable immunity cap in Massachusetts and acknowledged that it was being asked to revise the doctrine and the application of G.L.c. 231, § 85K to hospitals. *Id.* **at 476-77**. However, the Supreme Judicial Court concluded that such an argument "is more appropriately addressed to the Legislature." *Id.* **at 477**. Under the analysis employed in ***Conners, supra,*** and required to be followed by this court, **HN10⬧**neither the size of an organization such as a hospital nor simply the revenue-generating nature of the activity in question detracts from the organization's charitable status under G.L.c. 231, § 85K. *Id.* **HN11⬧**"There is . . . no requirement that a hospital provide free care to retain its charitable status." *Id.* **at 475**.

*HN12* In a case such as this, the hospital has the burden of showing that it is a charitable organization **[*6]** under G.L.c. 231, § 85K, and that the tort committed occurred in the course of the hospital's charitable purpose. G.L.c. 231, § 85K; *Harlow v. Chin,* 405 Mass.697, 716, 545 N.E.2d 602 (1989). "The fact that a fee was charged [for services] . . . is not sufficient to take the hospital out of the protection of G.L.c. 231, § 85K." *Id.* The plaintiffs argument that because the defendant generates a substantial amount of annual revenue its activities should be regarded as profitable, or primarily commercial, fails to consider another important dimension of the total picture. As pointed out in the Defendant's Reply to Plaintiff's Opposition at 2-3, despite substantial 1997 revenues, Memorial Healthcare, Inc. lost revenue in excess of six million dollars in the year in question, to say nothing of its total, long-term debt at the time.

Here, UMHC has met its burden of showing that it is a charitable organization for purposes of this statute. UMHC has submitted numerous exhibits which trace the history of its various predecessor entities and establish that when it was originally incorporated it was a charity and its continued **[*7]** status as a charity, with the purpose of advancing the knowledge and practice of medicine, surgery, nursing, and health. Home Health, as a department within UMHC, falls within this category as well. Contrary to the plaintiff's assertion that Home Health is a subsidiary of UMHC, it is not, but rather, is actually part of the charitable corporation UMHC.

Further, UMHC has met its burden of demonstrating that the tort committed against the plaintiff occurred in the course of its charitable purpose. *HN13* Under G.L.c. 231, § 85K, an organization shell not be liable for "*any* activity carried on to accomplish directly the charitable purposes of such corporation . . ." G.L.c. 231, § 85K (emphasis added); *Goldberg v. Northeastern Univ.,* 60 Mass.App.Ct. 707, 711, 805 N.E.2d 517 (2004). In *Conners,* where the plaintiff was injured from a fall on accumulated snow in the hospital's parking lot, the court held that snow removal activities accomplish the hospital's charitable purpose. *Conners,* **439 Mass.at 477-80.** Similarly, here the plaintiff was injured while performing her duties at the receptionist desk of Home Health, wherein such **[*8]** duties directly advance UMHC's purpose of providing health care to people. This is not a case in which there is any basis in the record for the determination that Home Health's or UMHC's activities are primarily commercial i.e., "entirely disconnected" from its charitable purposes. *Goldberg,* 60 Mass.App.Ct. at 713. *HN14* Once the defendant meets its burden of establishing its status as a charitable organization, the burden shifts to the plaintiff to show with admissible evidence the existence of a dispute as to material facts. *Mathers,* 403 Mass.at 690, quoting *Godbout v. Cousens,* 396 Mass.254, 261, 485 N.E.2d 940 (1985). Nothing in the record demonstrates that UMHC or Home Health were not charitable organizations within the meaning of G.L.c. 231, § 85K, or that the plaintiff's tort injury did not occur during the course of an activity that directly accomplished UMHC's purpose. Because the plaintiff fails to meet her burden, partial summary judgment for UMHC pursuant to G.L.c. 231, § 85K is granted.

*ORDER*

For the above reasons, it is therefore *ORDERED* that the defendant's motion for partial summary judgment is *ALLOWED.* **[*9]**

Peter W. Agnes, Jr.

Justice of the Superior Court

DATE: September 16, 2005

Service: **Get by LEXSEE®**
Citation: **2005 Mass. Super. LEXIS 471**
View: Full
Date/Time: Friday, November 11, 2005 - 12:13 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT 5



# Mission Statement

### *EBNHC*

To provide easily accessible, affordable,
appropriate, high quality, personalized,
coordinated <u>primary care</u> for <u>all</u> who live and work
in East Boston and the surrounding communities
without regard to age, income, insurance status,
language, culture or social circumstances.

# EXHIBIT 6

FORM No. CD 180 (Rev. 16)    M. G. 72-951/86

# The Commonwealth of Massachusetts

### JOHN F.X. DAVOREN
*Secretary of the Commonwealth*
STATE HOUSE
BOSTON, MASS. 02133

## ARTICLES OF ORGANIZATION

(Under G.L. Ch. 180)
Incorporators

NAME                                               RESIDENCE
*Include given name in full in case of natural persons: in case of a corporation, give state of incorporation.*

        See enclosed sheet - Incorporators

The above-named incorporator(s) do hereby associate (themselves) with the intention of forming a corporation under the provisions of General Laws, Chapter 180 and hereby state(s):

1.  The name by which the corporation shall be known is:

        East Boston Community Health Committee, Inc.

2.  The purposes for which the corporation is formed are as follows:

        A.  To assist in the raising of funds which will aid in the development, maintenance, and operation of a non-profit community health center exclusively for charitable and educational purposes.

        B.  To promote, cooperate and assist in the establishment, maintenance and support of a community health center, by promoting knowledge of the services provided therein and the encouragement of the use thereof by persons in the community.

        See Page 2 - Continuation of Purposes

NOTE: If provisions for which the space provided under Articles 2, 3 and 4 is not sufficient, additions should be set out on continuation sheets to be numbered 2A, 2B, etc. Indicate under each Article where the provision is set out. Continuation sheets shall be on 8½" x 11" paper and must have a left-hand margin 1 inch wide for binding. Only one side should be used.

3.  If the corporation has more tha:     .ss of members, the designation of suc     ses, the manner of
    election or appointment, the dura     : membership and the qualification and     .ts, including voting
    rights, of the members of each class, a.s as follows:—

                    Not applicable

4.  Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the cor-
    poration, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation,
    or of its directors or members, or of any class of members, are as follows:—

            See Pages 4A, 4B, 4C, 4D, 4E and 4F attached.

## INCORPORATORS

✓ Edith G. DeAngelis
388 Meridian St.
East Boston, Mass.    02128

✓ Anna DeFronzo
21 Meridian St.
East Boston, Mass.    02128

✓ Honorable Joseph V. Ferrino
23 Bennington St.
East Boston, Mass.    02128

✓ Anthony Sarge Gianetti
152 Chelsea St.
East Boston, Mass.    02128

✓ Sal Lombardo
c/o Liberty Market
Central Square
East Boston, Mass.    02128

✓ Evelyn Morash
62 Putnam St.
East Boston, Mass.    02128

✓ Father Norbert DeAmato
128 Gove St.
East Boston, Mass.    02128

✓ Monsignor Mimie Pitero
17 Chestnut St.
Peabody, Mass.    01960

✓ Ms. Lillian Tompkins
210 Faywood Avenue
East Boston, Mass.    02128

✓ Honorable Mario Umana
18 Meridian St.
East Boston, Mass.    02128

Page 2                                    Continuation of Purposes

C.  To seek, maintain, develop and support the participation
in any community health center and (community health center) and
community health program of any school of medicine established
and maintained under the laws of the Commonwealth of Massachusetts,
or of any physician or physicians licensed to practice medicine
in said Commonwealth.

D.  To promote, develop and support personal hygiene among
persons in the community, knowledge and use of medical services
and hospital services generally, including their availability in
the community, and sanitary conditions in the Community area,
including the land, streets and buildings thereof; and to do all
things permitted by law and not inconsistent with its charitable
and educational purposes for the betterment of health in the com-
munity.

E.  To seek, maintain, and develop the participation in and
support for the Community Health Center, and in the program and
activities thereof, of persons in the community.

F.  To apply for, obtain, and contract for financial aid from
the United States and any state and local government, or any agency
thereof; seek, solicit, and obtain grants from any charitable trust,
foundation or Corporation, or other public charity, or any private
person or organization; and to borrow money from time to time for
any of the objects or purposes of the Corporation, to issue notes
or obligations of the Corporation therefor and to secure the same
by lawful means.

Continuation of Purposes

G.  To enter into any agreement or agreements with the United States, any state or local government, or any agency thereof, to carry out the provisions of any statute applicable to the activities of the Corporation.  Upon execution, every such agreement shall be binding upon the Corporation, its successors and assigns for such period of time as shall be provided.

H.  To make contributions, gifts, donations and loans (out of its annual net income or assets, or both) to or for the benefit of any community health center, any community health program, or any program conducted by any community health center or related to any community health corporation, trust, fund, foundation or government body which is operating, maintaining or supporting, or is contributing to the operation, maintenance, or support, of any community health center, any community health program, or any program conducted by any community health center or related to any community health program.

I.  It shall not be a purpose of East Boston Community Health Committee, Incorporated to establish or maintain a health care facility which is subject to jurisdiction under Massachusetts General Laws, Chapter 155, section 2B.

J.  It is intended that this corporation shall have only such purposes and be engaged in only such activities within the meaning of those terms as used in section 501(c) (3) of the Internal Revenue Code of 1954, as in force on the date hereof or as hereafter amended.

4.  OTHER LAWFUL PROVISIONS

The corporation shall have the following powers in further-
ance of its corporate purposes:

(a)  The corporation shall have perpetual succession
in its corporate name.

(b)  The corporation may sue and be sued.

(c)  The corporation may have a corporate seal which
it may alter at pleasure.

(d)  The corporation may elect or appoint directors,
officers, employees and other agents, fix their compensation
and define their duties and obligations.

(e)  The corporation may purchase, receive, take by
grant, gift, devise, bequest or otherwise, lease, or otherwise
acquire, own, hold, improve, employ, use and otherwise deal in
and with real or personal property, or any interests therein,
wherever situated, in an unlimited amount.

(f)  The corporation may solicit and receive contribu-
tions from any and all sources and may receive and hold, in
trust or otherwise, funds received by gift or bequest;

(g)  The corporation may sell, convey, lease, exchange,
transfer or otherwise dispose of, or mortgage, pledge, encumber
or create a security interest in, all or any of its property,
or any interest therein, wherever situated.

(h)  The corporation may purchase, take, receive, sub-
scribe for, or otherwise acquire, own, hold, vote, employ,
sell, lend, lease, exchange, transfer, or otherwise dispose of,
mortgage, pleadge, use and otherwise deal in and with, bonds
and other obligations, shares, or other securities or interests
issued by others, whether engaged in similar or different
business, governmental, or other activities.

(i)  The corporation may make contracts, give guarantees
and incur liabilities, borrow money at such rates of interest
as the corporation may determine, issue its notes, bonds and
other obligations, and secure any of its obligations by mort-
gage, pledge or encumbrance of, or security interest in, all
or any of its property or any interest therein, wherever situated.

CD-180-S. 7-21

# The Commonwealth of Massachusetts

## MICHAEL JOSEPH CONNOLLY

Secretary of State

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION

NO. 23-742-5849

### ARTICLES OF AMENDMENT

General Laws, Chapter 180, Section 7

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $10.00 as prescribed by General Laws, Chapter 180, Section 11C(b). Make check payable to the Commonwealth of Massachusetts.

We,  Evelyn Morash                                                    , President/~~Vice President~~, and
     Helen McCormack                                                 , Clerk/~~Assistant Clerk~~ of

**East Boston Community Health Committee, Inc.**

(Name of Corporation)

located at  10 Cove Street, Boston

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at

a meeting held on  October 15              , 19 86      , by vote of  fifteen      members

............... ~~stockholders~~, being at least two thirds of its members legally qualified to vote in meetings of the corporation

~~(or in the case of a corporation having capital stock, by the holders of at least two thirds of the capital stock having the right to vote therein):~~

   That the name of the Corporation be changed to East Boston
   Neighborhood Health Center Corporation.

   That East Boston Community Health Committee, Inc., a charitable
   corporation organized under Chapter 180 of the General Laws of
   the Commonwealth of Massachusetts become the sole member of the
   Corporation and that all other references to other members in
   the Articles be stricken.

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11
sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on
a single sheet so long as each article requiring each such addition is clearly indicated.

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this Fifteenth day of October in the year 19 86

Evelyn Morash,
............................................................................................ President/Vice President

Helen M. P. McCormack,
............................................................................................ Clerk/Assistant Clerk

RECEIVED

OCT 1 1986

SECRETARY OF STATE
CORPORATION DIVISION

080 OCT 16  PM 4: 39

CORPORATION

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF AMENDMENT

(General Laws, Chapter 180, Section 7)

I hereby approve the within articles of amendment
and, the filing fee in the amount of $ *10.00*
having been paid, said articles are deemed to have been
filed with me this *17th*
day of *October*                        , 19*86*


*Michael J Connolly*

MICHAEL JOSEPH CONNOLLY
*Secretary of State*


TO BE FILLED IN BY CORPORATION

PHOTO COPY OF AMENDMENT TO BE SENT

TO:
........Lorann Long. Esq.........................

........Goodwin, Procter & Hoar................

.....Exchange Place, Boston, MA 02109.....

Telephone ...617/570-1000.......................

Copy Mailed

A TRUE COPY ATTEST

*Michael J Connolly*

MICHAEL J. CONNOLLY
SECRETARY OF STATE

DATE 10/27/86   CLERK

The Commonwealth of Massachusetts

MICHAEL J. CONNOLLY

*Secretary of State*

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION

NO. 23-7425849

### ARTICLES OF AMENDMENT

General Laws, Chapter 180, Section 7

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $15.00 as prescribed by General Laws, Chapter 180, Section 11C(a). Make check payable to the Commonwealth of Massachusetts.

We, Helen M.P. McCormack                     , President/Vice President, and

Ralph Vertuccio                     , Assistant Clerk/Assistant Clerk of

East Boston Neighborhood Health Center Corporation

(Name of Corporation)

located at 10 Gove Street, East Boston, Massachusetts

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at a meeting held on September 23 , 19 92 , by vote of its sole member,

being at least two thirds of its members legally qualified to vote in meetings of the corporation

1. That all references to members in the Articles of Organization be stricken.

2. That the Corporation shall have no members. No person now or hereafter designated by the Corporation as a "member" for any purpose shall be or be deemed to be a member for purposes of the articles of organization or By-Laws of the Corporation or for purposes of Massachusetts General Laws Chapter 180, as amended, or any other law, rule or regulation. Any action or vote required or permitted by said Chapter 180 or any other law, rule or regulation to be taken by members shall be taken by action or vote of the same percentage of the directors of the Corporation.

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this 30th day of September, in the year 19 92

_Helen P. McCormack_ _____ President/~~Vice President~~

_Ralph P. Veturus_ _____ Assistant    Clerk/~~Assistant Clerk~~

(13)

3/823

411558

FILED ...
DEC 17 PM 4 10
...

## THE COMMONWEALTH OF MASSACHUSETTS

### ARTICLES OF AMENDMENT

(General Laws, Chapter 156, Section 7)

I hereby approve the within articles of amendment and, the filing fee in the amount of $ *15* having been paid, said articles are deemed to have been filed with me this *17 TH* day of *NOVEMBER* , 19 *92*

*Michael Joseph Connolly*

### MICHAEL J. CONNOLLY

Secretary of State

TO BE FILLED IN BY CORPORATION
PHOTO COPY OF AMENDMENT TO BE SENT

TO:

John J. Slater III, Esquire

..............................................................

Sherin and Lodgen

..............................................................

100 Summer Street, Boston, MA 02110

..............................................................

(617) 426-5720

Telephone ......................................................

Copy Mailed

A TRUE COPY ATTEST

*Michael J Connolly*

MICHAEL J. CONNOLLY
SECRETARY OF STATE

DATE 12/17/92 /CLERK

(j)   The corporation may lend money, invest and re-invest its funds, and take and hold real and personal property as security for the payment of funds so loaned or invested.

(k)   The corporation may do business, carry on its operations, and have offices and exercise the powers granted by Massachusetts General Laws, Chapter 180, as now in force or as hereafter amended, in any jurisdiction within or without the United States, although the corporation shall not be operated for the primary purpose of carrying on for profit a trade or business unrelated to its tax exempt purposes.

(l)   Unless the corporation is entitled to exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code in which case it shall make no contribution for other than religious, charitable, scientific, literary or educational purposes, the corporation may make donations in such amounts as the members or directors shall determine, irrespective of corporate benefit, for the public welfare or for community fund, hospital, charitable, religious, educational, scientific, civic, or similar purposes, and in time of war or other national emergency in aid therof.

(m)   The corporation may be an incorporator of other corporations of any type or kind.

(n)   The corporation may be a partner in any business enterprise which it would have power to conduct by itself.

(o)  The directors may make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by law or the by-laws requires action by the members.

(p)  Meetings of the members may be held anywhere in the United States.

(q)  The corporation shall, to the extent legally permissible and only to the extent that the status of the corporation as an organization exempt under Section 501(c)(3) of the Internal Revenue Code is not affected thereby, indemnify each of its directors, officers, employees and other agents, (including persons who serve at its request as directors, officers, employees or other agents of another organization in which it has an interest) against all liabilities and expenses, including amounts paid in satisfaction of judgments, in compromise or as fines and penalties, and counsel fees, reasonably incurred by him in connection with the defense or disposition of any action, suit or other proceeding, whether civil or criminal, in which he may be involved or with which he may be threatened, while in office or thereafter, by reason of his being or having been such a director, officer, employee or agent, except with respect to any matter as to which he shall have been adjudicated in any proceeding not to have acted in good faith in the reasonable belief that his action was in the best interests of the corporation; provided, however, that as to any matter disposed of by a compromise payment by such director, officer, employee or agent, pursuant to a consent decree or otherwise, no indemnification either for said payment or for any other expenses shall be provided unless such compromise shall be approved as in the best interest of the corporation, after notice that it involves such indemnification; (a) by a disinterested majority of the directors then in office; or (b) by a majority of the disinterested directors then in office, provided that there has been obtained an opinion in writing of independent legal counsel to the effect that such director, officer, employee or agent appears to have acted in good faith in the reasonable belief that his action was in the best interests of the corporation; or (c) by a majority of the disinterested members entitled to vote, voting as a single class.  Expenses including counsel fees, reasonably incurred by any such director, officer, trustee, employee or agent in connection with the defense or disposition of any such action, suit or other proceeding may be paid from time to time by the corporation in advance of the final disposition thereof upon receipt of

an undertaking by such individual to repay the amounts so paid
to the corporation if he shall be adjudicated to be not entitled
to indemnification under Massachusetts General Laws, Chapter 180,
Section 6.  The right of indemnification hereby provided shall
not be exclusive of or affect any other rights to which any direc-
tor officer, employee or agent may be entitled.  Nothing con-
tained herein shall affect any rights to indemnification to which
corporate personnel may be entitled by contract or otherwise
under law.  As used in this paragraph, the terms "directors,"
"officer," "employee," and "agent" include their respective heirs,
executors and administrators, and an "interested" director is
one against whom in such capacity the proceedings in question or
another proceeding on the same or similar grounds is then pending.

(r)  No person shall be disqualified from holding any
office by reason of any interest.  In the absence of fraud, any
director, officer, or member of this corporation individually
or any individual having any interest in any concern in which any
interest, may be a part to, or may be pecuniarily or otherwise
interested in, any contract, transaction, or other act of this
corporation, and

     (1)  such contract, transaction, or act shall
          not be in any way invalidated or other-
          wise affected by that fact;

     (2)  no such director, officer, member, or
          individual shall be liable to account to
          this corporation for any profit or benefit
          realized through any such contract, trans-
          action, or act; and

     (3)  any such director of this corporation may
          be counted in determining the existence
          of a quorum at any meeting of the directors
          or of any committee thereof which shall
          authorize any such contract, transaction,
          or act, and may vote to authorize the same;

the term "interest" including personal interest and interest as
a director, officer, stockholder, shareholder, trustee, member
or beneficiary of any concern; the term "concern" meaning any
corporation, association, trust, partnership, firm, person, or
other entity other than this corporation.

(17)

Contin_____on sheet - Incorporators signatures

/s/ *Edith G. DeAngelis*
Edith G. DeAngelis

/s/ *Anna DeFronzo*
Anna DeFronzo

/s/ *Joseph V. Ferrino*
Honorable Joseph V. Ferrino

/s/ *Anthony Sarge Gianetti*
Anthony Sarge Gianetti

/s/ *Sal Lombardo*
Sal Lombardo

/s/ *Evelyn Morash*
Evelyn Morash

/s/ *Fr. Norbert DeAmato*
Father Norbert DeAmato

/s/ *Monsignor Mimie Pitaro*
Monsignor Mimie Pitaro

(s)  No part of the assets of the corporation and no part of any net earnings of the corporation shall be divided among or inure to the benefit of any officer or director of the corporation or any private individual or be appropriated for any purposes other than the purposes of the corporation as herein set forth; and no substantial part of the activities of the corporation shall be the carrying on of propaganda or otherwise attempting to influence legislation, and the corporation shall not participate in or intervene   in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.   It is intended that the corporation shall be entitled to exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code and shall not be a private foundation under Section 509(a) of the Internal Revenue Code.

(t)  Upon the liquidation or dissolution of the corporation, after payment of all of the liabilities of the corporation or due provision therefor, all of the assets of the corporation shall be disposed of to one or more organizations exempt from taxation under the provisions of Section 501(c)(3) of the Internal Revenue Code.

(u)  In the event that the corporation is a private foundation as that term is defined in Section 509 of the Internal Revenue Code, then notwithstanding any other provisions of the articles of organization or the by-laws of the corporation, the following provisions shall apply:

The directors shall distribute the income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code.

The directors shall not engage in any act of self-dealing as defined in Section 4941(d) of the Internal Revenue Code; nor retain any excess business holdings as defined in Section 4943(c) of the Internal Revenue Code; nor make any investments in such manner as to incur tax liability under Section 4944 of the Internal Revenue C de; nor make any taxable expenditures as defined in Section 4945(d) of the Internal Revenue Code.

(v)   The corporation may have and exercise all powers necessary or convenient to effect any or all of the purposes for which the corporation is formed; provided that no such power shall be exercised in a manner inconsistent with Massachusetts General Laws, Chapter 180 or any other chapter of the General Laws of the Commonwealth or Section 501(c)(3) of the Internal Revenue Code.

(w)   All references herein to the Internal Revenue Code shall be deemed to refer to the Internal Revenue Code of 1954, as now in force or hereafter amended.

5. By-laws of the corp... ve been duly adopted and the initial dir... ors president, treasurer and clerk or other presiding, ... recording officers whose names are s... below, have been duly elected.

6. The effective date of organization of the corporation shall be the date of filing with the Secretary of the Commonwealth or if later date is desired, specify date, (not more than 30 days after date of filing.)

7. The following information shall not for any purpose be treated as a permanent part of the Articles of Organization of the corporation.

a. The post office address of the initial principal office of the corporation in Massachusetts is:

79 Paris Street, East Boston, Massachusetts 02128

b. The name, residence, and post office address of each of the initial directors and following officers of the corporation are as follows:

| NAME | RESIDENCE | POST OFFICE ADDRESS |
|---|---|---|

President: Patricia Buonopane 81 Gladstone St., East Boston, MA 02128

Treasurer: Carmella Magoon 83 Eutaw St., East Boston, MA 02128

Clerk: Edward Gerard Jagor 15 Chester St., Cambridge, MA 02140

Directors: (or officers having the powers of directors)

Patricia Buonopane

Carmella Magoon

Theresa McNamara        40 Gove Street, East Boston, MA

c. The date initially adopted on which the corporation's fiscal year ends is: August 30

d. The date initially fixed in the by-laws for the annual meeting of members of the corporation is:
third Wednesday in September. If that day is a legal holiday, then the next weekday that is not a legal holiday.

e. The name and business address of the resident agent, if any, of the corporation is:

IN WITNESS WHEREOF and under the penalties of perjury the above-named INCORPORATOR(S) sign(s) these Articles of Organization this        26th        day of September        19 74

Ms. Lillian Tompkins        /s/ *Ms. Lillian Tompkins*

Honorable Mario Umana        /s/ *Mario Umana*

The signature of each incorporator which is not a natural person must be by an individual who shall show the capacity in which he acts and by signing shall represent under the penalties of perjury that he is duly authorized

(21)

RECEIVED

S_ 2_ 1974

CORPORATION DIVISION
SECRETARY'S OFFICE

THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION
## GENERAL LAWS, CHAPTER 180

I hereby certify that, upon an examination of the within-written articles of organization, duly submitted to me, it appears that the provisions of the General Laws relative to the organization of corporations have been complied with, and I hereby approve said articles; and the filing fee in the amount of $30.00 having been paid, said articles are deemed to have been filed with me this 26ᵗʰ day of *Sep* 1974

Effective date

JOHN F.X. DAVOREN
*Secretary of the Commonwealth*

## TO BE FILLED IN BY CORPORATION
### CHARTER TO BE SENT TO

Edward Gerard Jager    542-5550

177 Milk Street

Boston, Massachusetts 02109

FILING FEE $30.00

CHARTER MAILED    9-27-1974 MAT
DELIVERED

A TRUE COPY ATTEST

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE 10/27/__    CLERK

FEE $15.00

# The Commonwealth of Massachusetts

### MICHAEL J. CONNOLLY
*Secretary of State*

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION
NO. 23-7425849

#### ARTICLES OF AMENDMENT

General Laws, Chapter 180, Section 7

042

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $15.00 as prescribed by General Laws, Chapter 180, Section 11C(b). Make check payable to the Commonwealth of Massachusetts.

We,          Maria Torres , President/~~Vice President~~ and

Christopher Morton , Clerk/~~Assistant Clerk~~ of

East Boston Neighborhood Health Center Corporation

(Name of Corporation)

located at    10 Gove Street, East Boston, Massachusetts

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at ~~a meeting held~~ by written consent dated /  January 19, 1994  ~~, by vote of~~ all of the ~~necessary~~ directors ~~and members~~ being at least two-thirds of its ~~members~~ directors legally qualified to vote in meetings of the corporation. (or, in the case of a corporation having capital stock, by the holders of at least two-thirds of the capital stock having the right to vote thereon):

To delete Article 2.I. thereof which provides:

"It shall not be a purpose of East Boston Community Health Committee, Incorporated to establish and maintain a health care facility which is subject to jurisdiction under Massachusetts General Laws, Chapter 155, Section 2B".

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

9-26-1974

(22)

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this

9th          day of          February          , in the year 1994

_____          President/~~Vice President~~

Maria Torres

_____          Clerk/~~Assistant Clerk~~

Christopher Morton

455725

9444

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF AMENDMENT

(General Laws, Chapter 130, Section 7)

I hereby approve the within articles of amendment and, the filing fee in the amount of $ 15.00 having been paid, said articles are deemed to have been filed with me this 15 day of February, 19 94

MICHAEL J. CONNOLLY

Secretary of State

TO BE FILLED IN BY CORPORATION
PHOTO COPY OF AMENDMENT TO BE SENT

TO:
    John J. Slater III
    Sherin and Lodgen
    100 Summer Street
    Boston, MA  02110
Telephone (617) 426-5720

Copy Mailed

A TRUE COPY ATTEST

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE 10/27/94  CLERK

(25)

# Massachusetts
# Department
# Of
# Revenue



|||||||| ||| |||| |||||

200 Arlington Street PO Box 7010 Chelsea, MA 02150-7010

ALAN LeBOVIDGE, COMMISSIONER
LAURIE MCGRATH, ACTING DEPUTY COMMISSIONER

EAST BOSTON COMMUNITY HEALTH          870
CENTER CORPORATION
10 GOVE ST
E BOSTON, MA  02128

| | |
|---|---|
| Notice | 30048 |
| Exemption Number | 237 425 849 |
| Date | 12/09/03 |
| Bureau | TSD MGT SERV |
| Phone | (617) 887-6367 |

Dear Taxpayer,

A review of our records indicates that the Massachusetts sales/use tax exemption for **EAST BOSTON COMMUNITY HEALTH CENTER CORPORATION**, a tax-exempt 501(c) (3) organization, will expire on **01/04/04.**

The Department of Revenue is issuing this notice in lieu of a new Form St-2, "Certificate of Exemption". The notice verifies that the Massachusetts Department of Revenue has renewed the sales/use tax exemption for **EAST BOSTON COMMUNITY HEALTH CENTER CORPORATION** subject to the conditions stated in Massachusetts General Laws, Chapter 64H, sections 6(d) or (e), as applicable.

*The organization remains responsible for maintaining its exempt status and for reporting any loss or change of its status to the Department of Revenue. Absent  the Department of Revenue's receipt of information from the taxpayer  by the expiration date of the current certificate that the entity no longer holds exempt status under the above provisions, the taxpayer's certificate is renewed.  **This renewal will expire on  01/04/09.***

The taxpayer's existing Form ST-2, in combination with this renewal notice may be presented as evidence of the entity's continuing exempt status.  Provided that this requirement is met, all purchases of tangible personal property by the taxpayer are exempt from sales/use taxation under Chapter 64H or I respectively, to the extent that such property is used in the conduct of the purchaser's business.

Any abuse or misuse of this notice by any tax-exempt organization or any unauthorized use by any individual constitutes a serious violation and will lead to revocation. **Willful misuse of this notice is subject to criminal sanctions of up to one year in prison and $10,000 in fines ($50,000 for corporations).**

This  notice may be reproduced.

Sincerely,

Alan LeBovidge
Commissioner of Revenue