# EXHIBIT 9

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUDITH THIBEAU, | ) | |
| And GEORGE THIBEAU, | ) | |
| Plaintiffs | ) | |
| | ) | |
| VS. | ) | **CIVIL ACTION** |
| | ) | **NO. 04-10643 LTS** |
| UNITED STATES OF AMERICA | ) | |
| and EAST BOSTON NEIGHBORHOOD | ) | |
| HEALTH CENTER CORPORATION, | ) | |
| Defendants | ) | |

## AFFIDAVIT OF JAMES TAYLOR, M.D.

I, James Taylor, M.D. do depose and swear as follows:

1.      I am the Chief Medical Officer of the East Boston Neighborhood Health Center ("EBNHC") located in East Boston, Massachusetts.

2.      I was founder of the EBNHC which started in 1970 and have served as Medical Director and/or Chief Medical Officer for thirty-five (35) years.

3.      The EBNHC has always been a healthcare organization whose express mission is to provide "easily assessable, comprehensive, affordable, quality healthcare to all who wish it." EBNHC's express charitable mission and purpose is set forth in both its articles of incorporation and mission statement. A true and accurate copy of EBNHC's articles of incorporations and mission statement is attached hereto as **Exhibit 1**.

4.      The EBNHC provides healthcare services primarily for the Chelsea, Revere, East Boston and Winthrop communities. It provides care regardless of the ability of any individual to pay.

973788v1

5.      The EBNHC is a 501C3 non-profit corporation with its charitable purpose and intent to provide healthcare as set forth in its mission statement.

6.      The EBNHC provides all types of healthcare services including primary and urgent care, as well as dental, vision, pediatrics, oncology, rehabilitation, geriatric, social services, HIV services and an elder service program, along with many other related healthcare services.  The EBNHC also provides educational and training programs, seminars, outreach and support services to the EBNHC community.  It likewise provides assisted living services and facilities and has two (2) adult daycare centers which are part of the community based long-term care program for frail elderly.

7.      The EBNHC is funded by a number of sources including federal grants, public payors such as Medicare and Medicaid and from the Free Healthcare Pool program created by the state.

8.      The 79 Paris Street building where the eye clinic or vision center is located is leased by the EBNHC.  The lessor and owner of the building is the George Robert White Fund, which is a charitable trust run by the city of Boston.  The building is leased for a fee of $1.00 per year and under the terms of the lease, the building can only be used for public services.



# Mission Statement

## *EBNHC*

To provide easily accessible, affordable, appropriate, high quality, personalized, coordinated <u>primary care</u> for <u>all</u> who live and work in East Boston and the surrounding communities without regard to age, income, insurance status, language, culture or social circumstances.

EBNHC Confidential

# The Commonwealth of Massachusetts

### JOHN F.X. DAVOREN
*Secretary of the Commonwealth*

STATE HOUSE
BOSTON, MASS. 02133

## ARTICLES OF ORGANIZATION

(Under G.L. Ch. 180)
Incorporators

NAME                                               RESIDENCE
*Include given name in full in case of natural persons: in case of a corporation, give state of incorporation.*

See enclosed sheet - Incorporators

The above-named incorporator(s) do hereby associate (themselves) with the intention of forming a corporation under the provisions of General Laws, Chapter 180 and hereby state(s):

1. The name by which the corporation shall be known is:

   East Boston Community Health Committee, Inc.

2. The purposes for which the corporation is formed are as follows:

       A.   To assist in the raising of funds which will aid in the development, maintenance, and operation of a non-profit community health center exclusively for charitable and educational purposes.

       B.   To promote, cooperate and assist in the establishment, maintenance and support of a community health center, by promoting knowledge of the services provided therein and the encouragement of the use thereof by persons in the community.

       See Page 2 - Continuation of Purposes

NOTE: If provisions for which the space provided under Articles 2, 3 and 4 is not sufficient, additions should be set out on continuation sheets to be numbered 2A, 2B, etc. Indicate under each Article where the provision is set out. Continuation sheets shall be on 8½" x 11" paper and must have a left-hand margin 1 inch wide for binding. Only one side should be used.

3. If the corporation has more than one class of members, the designation of such classes, the manner of election or appointment, the duration of membership and the qualification and rights, including voting rights, of the members of each class, are as follows:—

Not applicable

4. Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or members, or of any class of members, are as follows:—

See Pages 4A, 4B, 4C, 4D, 4E and 4F attached.

## INCORPORATORS

✓ Edith G. DeAngelis
388 Meridian St.
East Boston, Mass.    02128

✓ Anna DeFronzo
21 Meridian St.
East Boston, Mass.    02128

✓ Honorable Joseph V. Ferrino
23 Bennington St.
East Boston, Mass.    02128

✓ Anthony Sarge Gianetti
152 Chelsea St.
East Boston, Mass.    02128

✓ Sal Lombardo
c/o Liberty Market
Central Square
East Boston, Mass.    02128

✓ Evelyn Morash
62 Putnam St.
East Boston, Mass.    02128

✓ Father Norbert DeAmato
128 Gove St.
East Boston, Mass.    02128

✓ Monsignor Mimie Pitero
17 Chestnut St.
Peabody, Mass.    01960

✓ Ms. Lillian Tompkins
210 Faywood Avenue
East Boston, Mass.    02128

✓ Honorable Mario Umana
18 Meridian St.
East Boston, Mass.    02128

Page 2                                    Continuation of Purposes

C. To seek, maintain, develop and support the participation in any community health center and (community health center) and community health program of any school of medicine established and maintained under the laws of the Commonwealth of Massachusetts, or of any physician or physicians licensed to practice medicine in said Commonwealth.

D. To promote, develop and support personal hygiene among persons in the community, knowledge and use of medical services and hospital services generally, including their availability in the community, and sanitary conditions in the Community area, including the land, streets and buildings thereof; and to do all things permitted by law and not inconsistent with its charitable and educational purposes for the betterment of health in the community.

E. To seek, maintain, a. d develop the participation in and support for the Community Health Center, and in the program and activities thereof, of persons in the community.

F. To apply for, obtain, and contract for financial aid from the United States and any state and local government, or any agency thereof; seek, solicit, and obtain grants from any charitable trust, foundation or Corporation, or other public charity, or any private person or organization; and to borrow money from time to time for any of the objects or purposes of the Corporation, to issue notes or obligations of the Corporation therefor and to secure the same by lawful means.

Continuation of Purposes

G.  To enter into any agreement or agreements with the United States, any state or local government, or any agency thereof, to carry out the provisions of any statute applicable to the activities of the Corporation.  Upon execution, every such agreement shall be binding upon the Corporation, its successors and assigns for such period of time as shall be provided.

H.  To make contributions, gifts, donations and loans (out of its annual net income or assets, or both) to or for the benefit of any community health center, any community health program, or any program conducted by any community health center or related to any community health corporation, trust, fund, foundation or government body which is operating, maintaining or supporting, or is contributing to the operation, maintenance, or support, of any community health center, any community health program, or any program conducted by any community health center or related to any community health program.

I.  It shall not be a purpose of East Boston Community Health Committee, Incorporated to establish or maintain a health care facility which is subject to jurisdiction under Massachusetts General Laws, Chapter 155, section 2B.

J.  It is intended that this corporation shall have only such purposes and be engaged in only such activities within the meaning of those terms as used in section 501(c) (3) of the Internal Revenue Code of 1954, as in force on the date hereof or as hereafter amended.

4. OTHER LAWFUL PROVISIONS

The corporation shall have the following powers in further-
ance of its corporate purposes:

(a) The corporation shall have perpetual succession
in its corporate name.

(b) The corporation may sue and be sued.

(c) The corporation may have a corporate seal which
it may alter at pleasure.

(d) The corporation may elect or appoint directors,
officers, employees and other agents, fix their compensation
and define their duties and obligations.

(e) The corporation may purchase, receive, take by
grant, gift, devise, bequest or otherwise, lease, or otherwise
acquire, own, hold, improve, employ, use and otherwise deal in
and with real or personal property, or any interests therein,
wherever situated, in an unlimited amount.

(f) The corporation may solicit and receive contribu-
tions from any and all sources and may receive and hold, in
trust or otherwise, funds received by gift or bequest;

(g) The corporation may sell, convey, lease, exchange,
transfer or otherwise dispose of, or mortgage, pledge, encumber
or create a security interest in, all or any of its property,
or any interest therein, wherever situated.

(h) The corporation may purchase, take, receive, sub-
scribe for, or otherwise acquire, own, hold, vote, employ,
sell, lend, lease, exchange, transfer, or otherwise dispose of,
mortgage, pleadge, use and otherwise deal in and with, bonds
and other obligations, shares, or other securities or interests
issued by others, whether engaged in similar or different
business, governmental, or other activities.

(i) The corporation may make contracts, give guarantees
and incur liabilities, borrow money at such rates of interest
as the corporation may determine, issue its notes, bonds and
other obligations, and secure any of its obligations by mort-
gage, pledge or encumbrance of, or security interest in, all
or any of its property or any interest therein, wherever situated.

CD-180-S 7-21

# The Commonwealth of Massachusetts

## MICHAEL JOSEPH CONNOLLY

*Secretary of State*

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION

NO 23-742-5819

### ARTICLES OF AMENDMENT

General Laws, Chapter 180, Section 7

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $10.00 as prescribed by General Laws, Chapter 180, Section 11C(b). Make check payable to the Commonwealth of Massachusetts.

We,   Evelyn Morash                                              , President/~~Vice President~~ and
      Helen McCormack                                           , Clerk/~~Assistant Clerk~~ of

East Boston Community Health Committee, Inc.
*(Name of Corporation)*

located at   10 Gove Street, Boston

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at a meeting held on   October 15                    , 19 86   , by vote of   fifteen         members
~~stockholders~~, being at least two thirds of its members legally qualified to vote in meetings of the corporation ~~or in the case of a corporation having capital stock, by the holders of at least two thirds of the capital stock having the right to vote therein~~:

> That the name of the Corporation be changed to East Boston Neighborhood Health Center Corporation.
>
> That East Boston Community Health Committee, Inc., a charitable corporation organized under Chapter 180 of the General Laws of the Commonwealth of Massachusetts become the sole member of the Corporation and that all other references to other members in the Articles be stricken.

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

Examiner

Name Approved

C ☐

P.C.

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this Fifteenth day of October in the year 19 86

_Evelyn D Morash_ Evelyn Morash, _____ President/Vice President

_Helen M P McCormack_ Helen M. P. McCormack, _____ Clerk/Assistant Clerk

RECEIVED

OCT 1 1986

SECRETARY OF STATE
CORPORATION DIVISION

'86 OCT 16 PM 4:59

CORPORATION

### THE COMMONWEALTH OF MASSACHUSETTS

### ARTICLES OF AMENDMENT

(General Laws, Chapter 180, Section 7)

I hereby approve the within articles of amendment
and, the filing fee in the amount of $ _10.00_
having been paid, said articles are deemed to have been
filed with me this _17th_
day of _October_                    , 19 _86_


_Michael J Connolly_

MICHAEL JOSEPH CONNOLLY

_Secretary of State_


TO BE FILLED IN BY CORPORATION

PHOTO COPY OF AMENDMENT TO BE SENT

TO:

Lorann Long, Esq.

Goodwin, Procter & Hoar

Exchange Place, Boston, MA 02109

Telephone  617/570-1000

Copy Mailed

A TRUE COPY ATTEST

_Michael J Connolly_

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE 10/27/04    CLERK

# The Commonwealth of Massachusetts

## MICHAEL J. CONNOLLY

*Secretary of State*

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION

NO. 23-7425849

### ARTICLES OF AMENDMENT

General Laws, Chapter 180, Section 7

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $15.00 as prescribed by General Laws, Chapter 180, Section 11(b). Make check payable to the Commonwealth of Massachusetts.

We, Helen M.P. McCormack , President/~~Vice President~~, and

Ralph Vertuccio , Assistant Clerk/~~Assistant Clerk~~ of

East Boston Neighborhood Health Center Corporation

(Name of Corporation)

located at 10 Gove Street, East Boston, Massachusetts

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at a meeting held on September 23 , 19 92 , by vote of its sole member~~s~~ ~~being at least two thirds of its members legally qualified to vote in meetings of the corporation~~

1. That all references to members in the Articles of Organization be stricken.

2. That the Corporation shall have no members. No person now or hereafter designated by the Corporation as a "member" for any purpose shall be or be deemed to be a member for purposes of the articles of organization or by-laws of the Corporation or for purposes of Massachusetts General Laws Chapter 180, as amended, or any other law, rule or regulation. Any action or vote required or permitted by said Chapter 180 or any other law, rule or regulation to be taken by members shall be taken by action or vote of the same percentage of the directors of the Corporation.

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names as of this 30th day of September , in the year 19 92

_Helen McP. McCormick_ _____    President/~~Vice-President~~

_Ralph P. Venturio_ _____ Assistant    Clerk/~~Assistant Clerk~~

3/823

411588

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF AMENDMENT

(General Laws, Chapter 156, Section 7)

I hereby approve the within articles of amendment and, the filing fee in the amount of $ _15—_ having been paid, said articles are deemed to have been filed with me this _17th_ day of _NOVEMBER_ , 19 _92_ .

*Michael Joseph Connolly*

MICHAEL J. CONNOLLY

Secretary of State

TO BE FILLED IN BY CORPORATION
PHOTO COPY OF AMENDMENT TO BE SENT

TO:

John J. Slater III, Esquire

Sherin and Lodgen

100 Summer Street, Boston, MA 02110

Telephone    (617) 426-5720

Copy Mailed

A TRUE COPY ATTEST

*Michael J Connolly*

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE _____ CLERK

(j)  The corporation may lend money, invest and re-invest its funds, and take and hold real and personal property as security for the payment of funds so loaned or invested.

(k)  The corporation may do business, carry on its operations, and have offices and exercise the powers granted by Massachusetts General Laws, Chapter 180, as now in force or as hereafter amended, in any jurisdiction within or without the United States, although the corporation shall not be operated for the primary purpose of carrying on for profit a trade or business unrelated to its tax exempt purposes.

(l)  Unless the corporation is entitled to exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code in which case it shall make no contribution for other than religious, charitable, scientific, literary or educational purposes, the corporation may make donations in such amounts as the members or directors shall determine, irrespective of corporate benefit, for the public welfare or for community fund, hospital, charitable, religious, educational, scientific, civic, or similar purposes, and in time of war or other national emergency in aid therof.

(m)  The corporation may be an incorporator of other corporations of any type or kind.

(n)  The corporation may be a partner in any business enterprise which it would have power to conduct by itself.

4C

(o)  The directors may make, amend or repeal the by-laws
in whole or in part, except with respect to any provision thereof
which by law or the by-laws requires action by the members.

(p)  Meetings of the members may be held anywhere in the
United States.

(q)  The corporation shall, to the extent legally permis-
sible and only to the extent that the status of the corporation
as an organization exempt under Section 501(c)(3) of the Internal
Revenue Code is not affected thereby, indemnify each of its
directors, officers, employees and other agents, (including
persons who serve at its request as directors, officers, employees
or other agents of another organization in which it has an
interest) against all liabilities and expenses, including amounts
paid in satisfaction of judgments, in compromise or as fines
and penalties, and counsel fees, reasonably incurred by him in
connection with the defense or disposition of any action, suit
or other proceeding, whether civil or criminal, in which he may
be involved or with which he may be threatened, while in office
or thereafter, by reason of his being or having been such a
director, officer, employee or agent, except with respect to
any matter as to which he shall have been adjudicated in any
proceeding not to have acted in good faith in the reasonable be-
lief that his action was in the best interests of the corporation;
provided, however, that as to any matter disposed of by a compro-
mise payment by such director, officer, employee or agent,
pursuant to a consent decree or otherwise, no indemnification
either for said payment or for any other expenses shall be pro-
vided unless such compromise shall be approved as in the best
interest of the corporation, after notice that it involves
such indemnification; (a) by a disinterested majority of the
directors then in office; or (b) by a majority of the disinteres-
ted directors then in office, provided that there has been obtained
an opinion in writing of independent legal counsel to the effect
that such director, officer, employee or agent appears to have
acted in good faith in the reasonable belief that his action was
in the best interests of the corporation; or (c) by a majority
of the disinterested members entitled to vote, voting as a single
class.  Expenses including counsel fees, reasonably incurred by
any such director, officer, trustee, employee or agent in con-
nection with the defense or disposition of any such action, suit
or other proceeding may be paid from time to time by the corpora-
tion in advance of the final disposition thereof upon receipt of

an undertaking by such individual to repay the amounts so paid to the corporation if he shall be adjudicated to be not entitled to indemnification under Massachusetts General Laws, Chapter 180, Section 6.  The right of indemnification hereby provided shall not be exclusive of or affect any other rights to which any director officer, employee or agent may be entitled.  Nothing contained herein shall affect any rights to indemnification to which corporate personnel may be entitled by contract or otherwise under law.  As used in this paragraph, the terms "directors," "officer," "employee," and "agent" include their respective heirs, executors and administrators, and an "interested" director is one against whom in such capacity the proceedings in question or another proceeding on the same or similar grounds is then pending.

(r)  No person shall be disqualified from holding any office by reason of any interest.  In the absence of fraud, any director, officer, or member of this corporation individually or any individual having any interest in any concern in which any interest, may be a part to, or may be pecuniarily or otherwise interested in, any contract, transaction, or other act of this corporation, and

> (1) such contract, transaction, or act shall not be in any way invalidated or otherwise affected by that fact;

> (2) no such director, officer, member, or individual shall be liable to account to this corporation for any profit or benefit realized through any such contract, transaction, or act; and

> (3) any such director of this corporation may be counted in determining the existence of a quorum at any meeting of the directors or of any committee thereof which shall authorize any such contract, transaction, or act, and may vote to authorize the same;

the term "interest" including personal interest and interest as a director, officer, stockholder, shareholder, trustee, member or beneficiary of any concern; the term "concern" meaning any corporation, association, trust, partnership, firm, person, or other entity other than this corporation.

## Contin___ ___on sheet - Incorporators Signatures

/s/ *Edith G. DeAngelis*
_____
Edith G. DeAngelis

/s/ *Anna De Fronzo*
_____
Anna DeFronzo

/s/ *Joseph V. Ferrino*
_____
Honorable Joseph V. Ferrino

/s/ *Anthony Sarge Gianetti*
_____
Anthony Sarge Gianetti

/s/ *Sal Lombardo*
_____
Sal Lombardo

/s/ *Evelyn Morash*
_____
Evelyn Morash

/s/ *Fr. Norbert De Amato*
_____
Father Norbert DeAmato

/s/ *Monsignor Mimie Pitaro*
_____
Monsignor Mimie Pitaro

(s)    No part of the assets of the corporation and no part of any net earnings of the corporation shall be divided among or inure to the benefit of any officer or director of the corporation or any private individual or be appropriated for any purposes other than the purposes of the corporation as herein set forth; and no substantial part of the activities of the corporation shall be the carrying on of propaganda or otherwise attempting to influence legislation, and the corporation shall not participate in or intervene   in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.   It is intended that the corporation shall be entitled to exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code and shall not be a private foundation under Section 509(a) of the Internal Revenue Code.

(t)   Upon the liquidation or dissolution of the corporation, after payment of all of the liabilities of the corporation or due provision therefor, all of the assets of the corporation shall be disposed of to one or more organizations exempt from taxation under the provisions of Section 501(c)(3) of the Internal Revenue Code.

(u) In the event that the corporation is a private foundation as that term is defined in Section 509 of the Internal Revenue Code, then notwithstanding any other provisions of the articles of organization or the by-laws of the corporation, the following provisions shall apply:

The directors shall distribute the income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code.

The directors shall not engage in any act of self-dealing as defined in Section 4941(d) of the Internal Revenue Code; nor retain any excess business holdings as defined in Section 4943(c) of the Internal Revenue Code; nor make any investments in such manner as to incur tax liability under Section 4944 of the Internal Revenue C de; nor make any taxable expenditures as defined in Section 4945(d) of the Internal Revenue Code.

(v)  The corporation may have and exercise all powers necessary or convenient to effect any or all of the purposes for which the corporation is formed; provided that no such power shall be exercised in a manner inconsistent with Massachusetts General Laws, Chapter 180 or any other chapter of the General Laws of the Commonwealth or Section 501(c)(3) of the Internal Revenue Code.

(w)  All references herein to the Internal Revenue Code shall be deemed to refer to the Internal Revenue Code of 1954, as now in force or hereafter amended.

5. By-laws of the corp[...] ve been duly adopted and the initial dir[...] ors, president, treasurer and clerk or other presiding [...] recording officers whose names are [...] below, have been duly elected.

6. The effective date of organization of the corporation shall be the date of filing with the Secretary of the Commonwealth or if later date is desired, specify date, (not more than 30 days after date of filing.)

7. The following information shall not for any purpose be treated as a permanent part of the Articles of Organization of the corporation.

a. The post office address of the initial principal office of the corporation in Massachusetts is:

79 Paris Street, East Boston, Massachusetts  02128

b. The name, residence, and post office address of each of the initial directors and following officers of the corporation are as follows:

| NAME | RESIDENCE | POST OFFICE ADDRESS |
|---|---|---|
| President: Patricia Buonopane | 81 Gladstone St., East Boston, MA | 02128 |
| Treasurer: Carmella Magoon | 83 Eutaw St., East Boston, MA | 02128 |
| Clerk: Edward Gerard Jagor | 15 Chester St., Cambridge, MA | 02140 |

Directors: (or officers having the powers of directors)

Patricia Buonopane

Carmella Magoon

Theresa McNamara        40 Gove Street, East Boston, MA

c. The date initially adopted on which the corporation's fiscal year ends is: August 30

d. The date initially fixed in the by-laws for the annual meeting of members of the corporation is:

third Wednesday in September.  If that day is a legal holiday, then the next weekday that is not a legal holiday.

e. The name and business address of the resident agent, if any, of the corporation is:

IN WITNESS WHEREOF and under the penalties of perjury the above-named INCORPORATOR(S) sign(s) these Articles of Organization this    26th    day of September    19 74

Ms. Lillian Tompkins        /s/ *Ms. Lillian Tompkins*

Honorable Mario Umana        /s/ *Mario Umana*

The signature of each incorporator which is not a natural person must be by an individual who shall show the capacity in which he acts and by signing shall represent under the penalties of perjury that he is duly authorized

RECEIVED

SEP 2 0 1974

CORPORATION DIVISION
SECRETARY'S OFFICE THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION
## GENERAL LAWS, CHAPTER 180

I hereby certify that, upon an examination
of the within-written articles of organization,
duly submitted to me, it appears that the
provisions of the General Laws relative to the
organization of corporations have been com-
plied with, and I hereby approve said articles;
and the filing fee in the amount of $30.00 having
been paid, said articles are deemed to have been
filed with me this 26ᵗʰ day
of *Sept* 1974

*Effective date*

*John F.X Davoren*

JOHN F.X. DAVOREN
*Secretary of the Commonwealth*

## TO BE FILLED IN BY CORPORATION
### CHARTER TO BE SENT TO

.....Edward Gerard Jager..... 542-5550

....177 Milk Street.............................

....Boston, Massachusetts .02109...............

FILING FEE $30.00          CHARTER MAILED 9-27-1974 MA-I
                              DELIVERED

A TRUE COPY ATTEST

*Michael J Connolly*

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE 10/07/94 CLERK

# The Commonwealth of Massachusetts

## MICHAEL J. CONNOLLY
### Secretary of State

FEDERAL IDENTIFICATION

NO. 23-7425849

ONE ASHBURTON PLACE, BOSTON, MASS. 02108

## ARTICLES OF AMENDMENT

042

General Laws, Chapter 180, Section 7

This certificate must be submitted to the Secretary of the Commonwealth within sixty days after the date of the vote of members or stockholders adopting the amendment. The fee for filing this certificate is $15.00 as prescribed by General Laws, Chapter 180, Section 11C(b). Make check payable to the Commonwealth of Massachusetts.

We,  Maria Torres , President/~~Vice President~~ and

Christopher Morton , Clerk/~~Assistant Clerk~~ of

**East Boston Neighborhood Health Center Corporation**

(Name of Corporation)

located at  10 Gove Street, East Boston, Massachusetts

do hereby certify that the following amendment to the articles of organization of the corporation was duly adopted at ~~a meeting held~~ by written consent dated / January 19, 1994, by ~~vote of~~ all of the ~~members~~ directors, ~~(or by written consent of all the members)~~ being at least two-thirds of its ~~members~~ legally qualified to vote in meetings of the corporation (or, in the case of a corporation having capital stock, by the holders of at least two-thirds of the capital stock having the right to vote therein):

To delete Article 2.I. thereof which provides:

"It shall not be a purpose of East Boston Community Health Committee, Incorporated
to establish and maintain a health care facility which is subject to jurisdiction
under Massachusetts General Laws, Chapter 155, Section 2B".

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

9-26-1974

(22)

The foregoing amendment will become effective when these articles of amendment are filed in accordance with Chapter 180, Section 7 of the General Laws unless these articles specify, in accordance with the vote adopting the amendment, a later effective date not more than thirty days after such filing, in which event the amendment will become effective on such later date.

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, we have hereto signed our names this 9th day of February, in the year 1994

_____     President/XXXXXXXX
Narda Torres

_____     Clerk/XXXXXXXX
Christopher Morton

455725

9444

# THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF AMENDMENT

(General Laws, Chapter 130, Section 7)

I hereby approve the within articles of amendment and, the filing fee in the amount of $ 15.00 having been paid, said articles are deemed to have been filed with me this 15th day of February , 19 94

### MICHAEL J. CONNOLLY
Secretary of State

## TO BE FILLED IN BY CORPORATION

PHOTO COPY OF AMENDMENT TO BE SENT

TO:

...... John J. Slater III ......................

...... Sherin and Lodgen ....................

...... 100 Summer Street .....................

Boston, MA  02110
Telephone ................... (617) 426-5720 .....

Copy Mailed

A TRUE COPY ATTEST

MICHAEL J. CONNOLLY
SECRETARY OF STATE
DATE 10-27-94   CLERK

(25)

# Massachusetts Department Of Revenue



200 Arlington Street PO Box 7010 Chelsea, MA 02150-7010

ALAN LeBOVIDGE, COMMISSIONER
LAURIE MCGRATH, ACTING DEPUTY COMMISSIONER

EAST BOSTON COMMUNITY HEALTH      870
CENTER CORPORATION
10 GOVE ST
E BOSTON, MA  02128

| | |
|---|---|
| Notice | 30048 |
| Exemption Number | 237 425 849 |
| Date | 12/09/03 |
| Bureau | TSD MGT SERV |
| Phone | (617) 887-6367 |

Dear Taxpayer,

A review of our records indicates that the Massachusetts sales/use tax exemption for **EAST BOSTON COMMUNITY HEALTH CENTER CORPORATION**, a tax-exempt 501(c) (3) organization, will expire on **01/04/04.**

The Department of Revenue is issuing this notice in lieu of a new Form St-2, "Certificate of Exemption". The notice verifies that the Massachusetts Department of Revenue has renewed the sales/use tax exemption for **EAST BOSTON COMMUNITY HEALTH CENTER CORPORATION** subject to the conditions stated in Massachusetts General Laws, Chapter 64H, sections 6(d) or (e), as applicable.

*The organization remains responsible for maintaining its exempt status and for reporting any loss or change of its status to the Department of Revenue. Absent the Department of Revenue's receipt of information from the taxpayer by the expiration date of the current certificate that the entity no longer holds exempt status under the above provisions, the taxpayer's certificate is renewed.* **This renewal will expire on 01/04/09.**

The taxpayer's existing Form ST-2, in combination with this renewal notice may be presented as evidence of the entity's continuing exempt status. Provided that this requirement is met, all purchases of tangible personal property by the taxpayer are exempt from sales/use taxation under Chapter 64H or I respectively, to the extent that such property is used in the conduct of the purchaser's business.

Any abuse or misuse of this notice by any tax-exempt organization or any unauthorized use by any individual constitutes a serious violation and will lead to revocation. **Willful misuse of this notice is subject to criminal sanctions of up to one year in prison and $10,000 in fines ($50,000 for corporations).**

This notice may be reproduced.

Sincerely,

Alan LeBovidge
Commissioner of Revenue