UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU, )<br>And GEORGE THIBEAU, )<br>    Plaintiffs )<br>          )<br>VS.                  )<br>          )<br>UNITED STATES OF AMERICA )<br>and EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER CORPORATION, )<br>    Defendants )  | CIVIL ACTION<br>NO. 04-10643 LTS |

**DEFENDANT, EAST BOSTON NEIGHBORHOOD HEALTH CENTER'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND
ANSWER TO ADD AFFIRMATIVE DEFENSE**

In their Opposition to East Boston Neighborhood Health Center's ("EBNHC") Motion for Leave to Amend its Answer to Add Affirmative Defense, plaintiffs' contend that the request to amend should be denied as it is late and as plaintiffs would purportedly suffer prejudice if the amendment was allowed.  This Honorable Court must exercise its considerable discretion and allow EBNHC to add the affirmative defense provided to it by established statutory law and ensure that the case is resolved based on the merits and applicable law.

The pending Motion to Amend the Answer to add the state legislatively mandated statutory cap for charitable institutions was made immediately upon discovery of its omission from the answer.  Any delay was not intentional or in any way in bad faith, but inadvertent. United States v. Houghman, 364 U.S. 310, 316-17 (1960)(courts are not to take an "approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept that the purpose of pleading is to facilitate a proper decision on the merits"),  Notable also is that delay alone is not sufficient to deny an amendment to a pleading and that delay concerns under Rule 15 "relate to delay in proceedings not in the delay in amending the

pleadings." See Warsau,190 F.R.D. 341 and cases cited; see Rachmen Bag Co. v. Liberty Mut. Ins. Co., 46 F. 3d 230, 234-35 (3d Cir. 1995) (delay alone insufficient reason to deny motion to amend and motion to amend pleading four years after complaint filed allowed); Block, 988 F. 2d. at 350.

Not only are amendments to pleadings to be liberally allowed but the fundamental question is whether there is undue prejudice to the opposing party that outweighs the purpose and goal to have cases resolved on the merits and based on applicable law. Houghman, 364 U.S. at 317. Ragin v. The Harry Macklowe Real Estate Co., Inc, 120 F.R.D. 475, 478 (S.D.N.Y. 1989)(Rule 15(a) does not prohibit a defendant from adding an affirmative defense about which it had knowledge as long as no undue prejudice to opposing party).

Plaintiffs claim prejudice because they expended time and resources in preparing their claims against EBNHC and pursued liability due to the belief that there was $2,000,000 in general liability insurance coverage. The argument misses the mark. Neither time, money or effort is undue prejudice. Block, 98 F. 2d at 351. Moreover, while plaintiffs point to the fact they conducted four depositions—one in New York—those four depositions (including the one in New York) were primarily centered on the professional negligence claim to which the statutorily mandated damages cap does not apply.[1] Given that the bulk of plaintiffs' discovery has been directed to the professional negligence claim[2] and that any other discovery taken would

---

[1]  The deposition in New York was of Dr. Richard Price, O.D., who was at the time of the incident a student intern who provided the dilation and treatment to Mrs. Thibeau. That deposition was entirely directed toward the professional negligence claim and did not having anything to do with the so-called and alleged premises liability assertion. Plaintiffs also took the deposition of Dr. Pietrantionio, the Director of the Eye Clinic, which deposition was also focused on the professional negligence aspect of the claim. The other two depositions included the Medical Director of the Facility, Dr. Taylor, and Dennis Buccheri, the Facilities Manager for the EBNHC. The only deposition solely focused on the alleged premises claim was that of Mr. Buccheri.

[2]  The posture of this case is somewhat peculiar. Plaintiffs initiated the action in state court and then filed a separate nearly identical action in the federal court. Because of the applicability of the Federal Tort Claims Act (FTCA) to the allegations in the state court Complaint, the undersigned counsel sought to have the defense of the EBHNC assumed by the Department of Justice and otherwise removed the action to federal court, wherein it was

2

be needed to establish liability, plaintiffs' suffered no prejudice as such discovery would have been taken regardless of the statutory cap on damages. Similarly, and contrary to plaintiffs' contention, the statutory cap is not a new theory of liability but a state mandated legislative cap on <u>damages</u> for charitable institutions such as EBNHC who provides medical care to the public regardless of their ability to pay and does not in anyway effect <u>liability</u> issues. <u>See</u> Dr. Taylor Affidavit previously submitted to court.

Further, it is well established that the statutory cap applies regardless of the existence of any underlying insurance. <u>See e.g.</u>, <u>Johnson v. Wesson Woman's Hospital</u>, 367 Mass. 717, 719 (1975).[3] Moreover, the underlying insurer for the EBNHC has recently informed the plaintiffs that it is the insurer's position that given the professional services nature of the action (eye dilation) and the applicability of the FTCA, there is <u>no coverage</u> under the general liability policy regardless of the defective premises allegation.[4] Accordingly, it is the EBNHC who will be

---

consolidated with the federal complaint. In their opposition, plaintiffs contend that the complaint and action is not primarily based on the claim of professional negligence. While plaintiffs have ostensibly claimed both a "professional negligence" claim under the FTCA (failure to warn of risk of eye dilation; failure to provide informed consent regarding eye dilation; failure to warn and advise that dilation would make it difficult to walk down stairs; and that the professional eye care providers failed to warn or advise that Mrs. Thibeau could use the elevator in the building due to eye dilation) and a "premises liability" claim against EBNHC (failure to warn or advise that Mrs. Thibeau could use the elevator in the building including posting of a notice that the elevator was in service and failure to provide an adequate handrail needed due to eye dilation), the crux of the action centers on the fact that plaintiff had her eyes dilated as part of her routine eye care. Even plaintiffs so-called premises liability expert, Mr. Eisenberg, attributes Mrs. Thibeau's fall to the fact "she was descending the stairs in a visually impaired condition" again stressing the professional services aspect of the claim.

[3] The production of the insurance policy was requested by plaintiff and required to be produced as part of discovery.

[4] On October 27, 2005, plaintiffs made a G.L. c. 93A/G.L. c. 176D demand upon the EBHNC's underlying general liability insurer claiming, inter alia, that the general liability policy applied to the plaintiffs' action and that as such plaintiffs were entitled to a $5,000 medical expense endorsement which, under the terms of the policy, is payable regardless of fault. <u>See</u> **Exhibit A**. On December 2, 2005, the insurer, through its attorneys, rejected the claim asserting that there was no coverage under the policy for plaintiffs' claims regardless of the premises liability action given that all of plaintiff's claims arise or relate to the eye dilation-a "professional service" excluded under the policy. <u>See</u> **Exhibit B.**

3

severely prejudiced if the amendment to add the legislatively mandated cap is not allowed.  This alone undercuts plaintiffs' opposition and mandates allowance of the motion to amend.[5]

Plaintiffs' contention that they could have otherwise investigated the applicability of the statutory cap or sought to avoid the cap by "crafting" the complaint differently or naming some unidentified employee, director or officer of the EBNHC is not sufficient to deny the motion. When the omission of the statutory cap was first discovered on November 11, 2005, undersigned counsel immediately contacted plaintiffs' counsel to inform him of the applicable defense and provided documentation conclusively demonstrating the charitable status of the EBNHC.[6] Further, EBNHC's counsel offered to provide plaintiffs with whatever discovery on that issue and offered to provide any such requested information within days of the request.  See Weigand Affidavit previously provided to the court. Plaintiffs have made no such request and do not contend that the charitable cap does not apply to the premises liability claim.

If plaintiffs believe that they can state a cognizable claim against an employee, director, officer of the EBNHC, EBNHC would have no objection to such a claim.   Any possible additional discovery deemed to be needed can be done in very short order which, again, has already been offered to the plaintiffs in early November, 2005.  Plaintiffs have already taken the depositions of both the Director of the EBNHC and the Facilities Manager.  Even assuming plaintiffs could somehow claim that more time is needed all such discovery could be completed prior to the January 30th trial date or involve only a short continuance to which EBHNC would

---

[5] According to the insurer's response, the insurer previously so informed plaintiffs' counsel prior to the time suit was brought so any alleged reliance on insurance by plaintiffs' counsel in pursuing the claim, to the extent even relevant, was not reasonable.

[6]  See Goldberg v. Northeastern University, 60 Mass. App. Ct. 707, 712 (2004)("when corporation presents a charter that shows the corporation to be charitable that charter is prima facie evidence of the corporations' charitable purpose and function). See Exhibits 5 and 6 to EBNHC's previously filed Motion which includes EBHNC's Mission Statement which is "to provide easily accessible, affordable, appropriate, high quality, personalized, coordinated primary care for all who live and work in East Boston and the surrounding communities without regard to age, income, insurance status, language-culture or social circumstances."

4

not object. There is and would be no undue delay in the ultimate resolution of the dispute. The case would be addressed on the merits and applicable law and not unjustly affect the rights of a charitable institution due to an innocent and inadvertent misstep in a pleading.

## CONCLUSION

There is no <u>undue prejudice</u> to the plaintiffs by allowance of the amendment. Any possible prejudice by allowance does not outweigh either the substantial prejudice to the EBNHC if the amendment is not allowed especially given EBHNC's underlying insurer's recent assertion that there is no coverage under the general liability policy; the liberal policy behind Rule 15 amendments; or EBNHC's right and the justice system's preference <u>to have cases decided on their merits and applicable law.</u> Indeed, it will be EBNHC who suffers substantial prejudice if it is denied the applicability of the statutorily mandated cap on damages applicable to all Massachusetts charitable institutions.

**WHEREFORE,** the defendant, *East Boston Neighborhood Health Center,* respectfully requests that its Motion to Amend the Answer to Add Affirmative Defenses be allowed.

Respectfully submitted,
The Defendant,
East Boston Neighborhood Health Center

By its attorneys,

/s/ Tory A. Weigand

_____
Tory A. Weigand, B.B.O. No. 548553
Charles M. Urso, B.B.O. No. 647748
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Tel: 617-439-7500

976296v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2005, a true copy of the above document was served upon each counsel of record electronically through filing with the ECF system.

/s/ Tory A. Weigand

_____

Tory A. Weigand

976296v1