UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUDITH THIBEAU, | ) | |
| And GEORGE THIBEAU, | ) | |
| Plaintiffs | ) | |
| | ) | |
| VS. | ) | **CIVIL ACTION** |
| | ) | **NO. 04-10643 LTS** |
| UNITED STATES OF AMERICA | ) | |
| and EAST BOSTON NEIGHBORHOOD | ) | |
| HEALTH CENTER CORPORATION, | ) | |
| Defendants | ) | |

**MOTION OF DEFENDANT,
EAST BOSTON NEIGHBORHOOD HEALTH CENTER
CORPORATION, TO STRIKE PLAINTIFFS' SUPPLEMENT
TO PREVIOUSLY FILED EXPERT DISCLOSURES**

NOW COMES the defendant, *East Boston Neighborhood Health Center Corporation* ("EBNHC") and hereby moves this Honorable Court to Strike Plaintiffs' recently filed *Supplement to Plaintiffs' Expert Disclosures or Otherwise Permit Leave to Take Plaintiffs' Expert Deposition.* In support of its Motion, EBNHC states as follows:

1.    The plaintiffs' have asserted claims of professional negligence and premises liability against the EBNHC as to a fall the plaintiff, Mrs. Thibeau claims to have suffered while walking down the stairs at the eye care center at EBNHC. It is alleged that the EBNHC care providers should have warned Mrs. Thibeau about the consequences and effect of dilation on Ms. Thibeau's vision; failed to warn Mrs. Thibeau that visual impairment caused by the dilation would create a risk of harm in walking down the stairs; failed to warn or advise that there was an alternative to using the stairs, (i.e., an elevator); failed to obtain Mrs. Thibeau's informed consent of the risk of her eye procedure (dilation); and that EBNHC failed to provide an adequate handrail.

2.    In accordance with the Court's Order, plaintiffs' made their expert disclosures on September 30, 2005.  EBNHC disclosed their experts on October 31, 2005.

3.    After expert disclosures had been made by both parties, EBNHC filed a Motion for Summary Judgment on November 15, 2005, in compliance with the Court's Order.  A hearing on the motion is set for December 28, 2005.  A substantial portion of EBNHC's summary judgment motion is premised on the deficiencies in the "opinion" provided by plaintiffs' expert Mr. Eisenberg.  Specifically, EBNHC identified several erroneous assumptions made by plaintiffs' expert that contradict the facts of this case, and which renders the "opinion" of Mr. Eisenberg speculative and inadmissible.

4.    Plaintiffs' filed their Opposition to EBNHC's Summary Judgment Motion on December 6, 2005, and relied substantially on the conclusions and arguments set forth by Mr. Eisenberg.  On December 13, 2005, EBNHC filed its Sur-Reply, as provided by the Court Order.

5.    Two days after EBNHC had filed its Sur-Reply, and two and one half months after the deadline for filing such reports had passed, Plaintiffs filed a document entitled *Supplement to Plaintiffs' Expert Disclosure*.  This "supplemental disclosure" by the plaintiffs of Mr. Eisenberg's "opinion" makes additional conclusions not originally set forth in the initial disclosure, and substantially changes grounds on which his original "opinion" was based.

6.    Specifically, Mr. Eisenberg originally "opined" that had the handrail on the stairwell extended one riser length plus twelve inches beyond the end of the stairs, Mrs. Thibeau would not have fallen.  It was contended by Mr. Eisenberg that such an extension would have provided a visual cue that the stairs were coming to an end.  Not only did Mrs. Eisenberg not read plaintiffs' deposition, but his "opinion" was based on the erroneous assumption that Mrs. Thibeau had reached the end of the stairs at the time she fell.  Mr. Eisenberg likewise ignored the testimony that plaintiff fell prior to reaching the end of the stairs, took her hand off the handrail,

2

4–6 inches from the end of the stairs, never stepped on the last step but stepped over it and injured her ankle on the second step.

7.    Plaintiff now seeks to submit a supplemental "opinion" of Mr. Eisenberg which materially changes his prior "opinion" to counter EBNHC's Motion for Summary Judgment and Expert Disclosure.  Mr. Eisenberg now "opines" that a handrail extension of only 4-6 inches would have prevented Mrs. Thibeau's fall and provided the purported visual cue that the stairs were ending.  Mr. Eisenberg fails to state how this "cue" (the 4-6 inch extension) would work, or otherwise serve as a cue that the stairs were ending or to prevent the fall especially based on Mrs. Thibeau's description of how she fell.  This attempt to radically change the prior disputed opinion in the face of summary judgment motion requires that it be stricken.  In the alternative, EBNHC requests that this Court grant it leave to conduct the deposition of the Plaintiffs' expert, Herbert W. Eisenberg, given the recent substantial change in opinion.

WHEREFORE, defendant, the East Boston Neighborhood Health Clinic, respectfully requests that is Motion to Strike Plaintiffs' Supplement to Previously Filed Expert Disclosure be **ALLOWED** or in the alternative that the East Boston Neighborhood Health Center be granted leave to take the deposition of plaintiffs' expert Herbert Eisenberg.

Respectfully submitted,

*The Defendant,*

**East Boston Neighborhood Health Center Corporation**

By its attorneys,
**MORRISON MAHONEY LLP**

/s/ Tory A. Weigand

_____
Tory A. Weigand, B.B.O. No. 548553
Charles M. Urso, B.B.O. No. 647748
250 Summer Street
Boston, MA 02210
(617) 439-7500

980341v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2005, a true copy of the above document was served upon each counsel of record electronically through filing with the ECF system. In addition, a copy of the above document was also served via facsimile upon counsel for the plaintiff, James Frederick.

/s/ Tory A. Weigand

_____

Tory A. Weigand

4