UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU and<br>GEORGE THIBEAU<br>　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>and EAST BOSTON<br>NEIGHBORHOOD HEALTH<br>CENTER CORPORATION,<br>　　　　Defendants. | Civil Action No. 04-10643 - LTS |

ORDER ON DEFENDANT'S MOTIONS

Defendant East Boston Neighborhood Health Centers ("EBNHC") filed two Motions, both of which are opposed by Plaintiffs. Both Motions pertain only to the premises liability side of this case.

　　A.　　Motion to Amend

Defendant EBNHC filed a Motion to Amend its Answer to permit it to assert as an Affirmative Defense the statutory cap on damages applicable to non-profits under M.G.L. ch. 231 § 85K. Defense counsel forthrightly, conceded that inadvertence led to the omission of the defense from the original answer. Nothing in the record suggests otherwise.

While parties waive affirmative defenses not pled under Fed. R. Civ. P. Rule 8, leave to amend should be "freely given when justice so requires" under Fed. R. Civ. P. Rule 15. The Supreme Court has rejected expressly the notion that pleading is merely a game of skill. United States v. Houghman, 364 U.S. 310, 316-17 (1960). While the Court may possess the

discretionary authority to deny leave absent a satisfactory explanation such as discovery of new information, as Plaintiffs contend, such a result would not be appropriate in this case.  Defendant has offered that document disclosures on the immunity issue will be available within days of any request and depositions of the applicable officers within seven days.  Plaintiffs do make a meaningful argument of prejudice arising out of the fact the case is set for trial on January 30, 2006; however the relatively modest delay by providing for discovery regarding the affirmative defense is outweighed by the other considerations including the public interest behind the cap, and the aim of the Federal Rules to facilitate a resolution on the merits.

Plaintiffs also argue that had they known Defendant was exposed for only $20,000, rather than the $2,000,000 amount of Defendant's insurance policy, they would have invested less resources in pursuing the premises liability side of the case or they might have sued others.  As to the resource issue, paper discovery has been relatively modest and cooperative.  In total all parties have taken six depositions, one of which was in Connecticut.  Some of this discovery pertains in whole or part to the professional services theories Plaintiffs advance.  The premises liability claim, even if the cap is applicable, does remain in the case so the discovery was not without any purpose.  Though I recognize the valuation issues would change if the cap applies, any prejudice arising out of the resources is insufficient to tip the balance here.

Plaintiffs' stronger argument is that they have forgone suing other potential defendants.  The ones they focus most of their aim on, however, remain available to them.  Plaintiffs point out that, had they known of the cap, they might have sued some of defendant's officers or employees individually and taken discovery in this regard.   Plaintiffs may still pursue these potential defendants.  Indeed,  counsel for the defendant represents that he would require no further

discovery to prepare their defense and would accomodate Plaintiffs discovery requests expeditiously.  While plaintiffs would certainly have the opportunity to take further discovery of these persons or the cap issue, the parties would not have to revisit the discovery already taken.

Nonetheless, Plaintiffs indicate that they may be too late to sue either the City of Boston or a Trust which have ownership and leasehold interests in the property at which Ms. Thibeau's injury occurred.  Assuming that Plaintiff are correct that the time for suit has passed, as to these defendants, I am unpersuaded that the loss of the window of time to sue one or both of these parties arose from the lack of notice regarding the statutory cap.

Accordingly the defendant's Motion to Amend (docket # 23) is ALLOWED.  As requested by Plaintiffs, they shall have until January 28, 2006 to file and serve an Amended Complaint naming additional parties.  Counsel shall appear for a Pretrial Conference on February 13, 2006 at 2:00 p.m. at which time the Court will set a prompt trial date and a speedy schedule for any necessary additional discovery.

B.     Motion for Summary Judgment

Defendant filed a Motion for Summary Judgment advancing three grounds.  The standard of review applicable to such a motion is familiar.  Fed. R. Civ. P. 56.

First, EBNHC argues that the Thibeau's expert's opinion is inadmissible as a matter of law under Daubert v. Merrill Dow Pharms. Inc., 509 U.S. 579 (1993) for lack of "fit," thus resulting in judgment for EBNHC.  The factual summary of Mrs. Thibeau's fall in the Plaintiffs' expert's opinion does differ from the description of the fall given by Mrs. Thibeau at her later deposition.  Nonetheless, the expert's opinion that longer handrails would have given Mrs.

Thibeau a better visual clue thus preventing her fall, does arguably relate to her testimony that she missed a step on the stairs. Accordingly, Defendant's arguments pertain to the weight of the expert's testimony rather than its admissibility.

Second, EBNHC contends it is entitled to summary judgment on the premises liability claim because it had no prior notice of any problem with the stairs or handrail. Specifically, EBNHC claims that it cannot have violated its duty of care, as a matter of law, because it had neither actual nor constructive knowledge of the alleged hazard. <u>Barry v. Beverly Enterprises-Massachusetts, Inc.</u>, 418 Mass. 590, 594 (1994). EBNHC is correct that the record reveals no actual notice during the past twenty years of any problem with the handrails. Neither Mrs. Thibeau who had her eyes dilated previously at the clinic and thereafter left using the stairs, nor anyone else ever reported a problem or complaint pertaining to the stairs or handrail.

Nonetheless, the duty encompasses constructive as well as actual knowledge. Plaintiffs assert that EBNHC breached the duty of reasonable care in view of <u>all</u> of the circumstances, including that: EBNHC is aware some patients leave the clinic with their vision impaired, at least temporarily; Defendant's employee responsible for maintaining the building is aware that sometimes the law requires longer handrails (though not as to this handrail grandfathered from complying with later regulations); that he is also aware the clinic operates an eye center on the second floor; that he is further aware that extending handrails can improve safety; that neither signs nor Defendant's employees directed Mrs. Thibeau to use the elevator. On these factual allegations, and the related facts described in Plaintiffs' Supplemental Opposition, the question of whether defendant breached its duty is one of fact for the jury.

Third, EBNHC argues for a ruling that any damage award is limited to $20,000. This

request is premature as Plaintiffs have not yet, had the opportunity to take discovery on this issue. EBNHC may raise this issue at a later time.

Accordingly, I DENY EBNHC's Motion for Summary Judgment.

CONCLUSION

WHEREFORE, the Court ORDERS:

1. Defendant's Motion to Amend (Docket # 23) is ALLOWED.

2. Defendant's Motion for Summary Judgment (Docket # 24) is DENIED.

3. Plaintiffs' shall file and serve any Amended Complaint adding new parties no later than January 28, 2006.

4. All counsel shall appear for a Pretrial Conference on February 13, 2006 at 2:00 p.m. to schedule the trial and set a schedule for any necessary additional discovery.

5. The trial date of January 30, 2006 is cancelled.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date: December 29, 2005