UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU,<br>And GEORGE THIBEAU,<br>    Plaintiffs<br><br>VS.<br><br>UNITED STATES OF AMERICA<br>and EAST BOSTON NEIGHBORHOOD<br>HEALTH CENTER CORPORATION,<br>    Defendants | CIVIL ACTION<br>NO. 04-10643 MLW |

**FIRST AMENDED ANSWER OF DEFENDANT,
EAST BOSTON NEIGHBORHOOD HEALTH CENTER CORPORATION,
TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AND JURY DEMAND**

FIRST DEFENSE

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendant, East Boston Neighborhood Health Center Corporation, responds to the allegations of the Plaintiffs' Second Amended Complaint, paragraph by paragraph, as follows:

**Parties**

1.   The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 1 of the Plaintiffs' Second Amended Complaint.

2.   The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 2 of the Plaintiffs' Second Amended Complaint.

973801v1

3. The defendant admits the allegations set forth in Paragraph 3 of the Plaintiffs' Second Amended Complaint.

4. The defendant admits the allegations set forth in Paragraph 4 of the Plaintiffs' Second Amended Complaint.

5. The defendant admits the allegations set forth in Paragraph 5 of the Plaintiffs' Second Amended Complaint.

6. The defendant denies the allegations set forth in Paragraph 6 of the Plaintiffs' Second Amended Complaint.

7. The defendant admits the allegations set forth in Paragraph 7 of the Plaintiffs' Second Amended Complaint.

## Jurisdiction

8. The defendant states that the allegations set forth in Paragraph 8 of the Plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

9. The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 9 of the Plaintiffs' Second Amended Complaint.

10. The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 10 of the Plaintiffs' Second Amended Complaint.

11. The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 11 of the Plaintiffs' Second Amended Complaint.

12. The defendant admits that the present action was removed from Massachusetts Superior Court to this Federal Court by the defendant. The defendant further answers that the remaining allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

## Facts

13. The defendant admits the allegations set forth in Paragraph 13 of the Plaintiffs' Second Amended Complaint.

14. The defendant denies the allegations set forth in Paragraph 14 of the Plaintiffs' Second Amended Complaint.

15. The defendant admits the allegations set forth in Paragraph 15 of the Plaintiffs' Second Amended Complaint.

16. The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 16 of the Plaintiffs' Second Amended Complaint.

17. The defendant admits the allegations set forth in Paragraph 17 of the Plaintiffs' Second Amended Complaint.

18. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

19. The defendant answers that the Vision Center is a clinical department of the clinic and otherwise denies the remaining allegations set forth in Paragraph 19 of the Plaintiffs' Second Amended Complaint.

20. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant and otherwise sets forth conclusions of law.

21. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant and otherwise sets forth conclusions of law.

22.     The defendant admits the allegations set forth in Paragraph 22 of the Plaintiffs' Second Amended Complaint.

23.     The defendant admits the allegations set forth in Paragraph 23 of the Plaintiffs' Second Amended Complaint.

24.     The defendant admits that eyedrops were administered to Ms. Thibeau on September 26, 2002 and that the eyedrops were either administered by the attending physician or a medical student under the direction and supervision of the physician.

25.     The defendant denies the allegations set forth in Paragraph 25 of the Plaintiffs' Second Amended Complaint.

26.     The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 26 of the Plaintiffs' Second Amended Complaint.

27.     The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 27 of the Plaintiffs' Second Amended Complaint.

28.     The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 28 of the Plaintiffs' Second Amended Complaint.

**Breach Of Duty of Care By The United States**

29.     The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

30.     The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

31.     The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

32. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

33. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

34. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

35. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

**Proximate Cause and Damages**

36. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

37. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

38. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

39. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

**Breach Of Duty Of Care (Premises Liability) By EBNHCC**

40. The defendant denies the allegations set forth in Paragraph 40 of the Plaintiffs' Second Amended Complaint.

41. The defendant denies the allegations set forth in Paragraph 41 of the Plaintiffs' Second Amended Complaint.

42. The defendant denies the allegations set forth in Paragraph 42 of the Plaintiffs' Second Amended Complaint.

43. The defendant denies the allegations set forth in Paragraph 43 of the Plaintiffs' Second Amended Complaint.

44. The defendant denies the allegations set forth in Paragraph 44 of the Plaintiffs' Second Amended Complaint.

45. The defendant denies the allegations set forth in Paragraph 45 of the Plaintiffs' Second Amended Complaint.

46. The defendant denies the allegations set forth in Paragraph 46 of the Plaintiffs' Second Amended Complaint.

47. The defendant denies the allegations set forth in Paragraph 47 of the Plaintiffs' Second Amended Complaint.

**Proximate Cause and Damages**

48. The defendant denies the allegations set forth in Paragraph 48 of the Plaintiffs' Second Amended Complaint.

49. The defendant denies the allegations set forth in Paragraph 49 of the Plaintiffs' Second Amended Complaint.

50. The defendant denies the allegations set forth in Paragraph 50 of the Plaintiffs' Second Amended Complaint.

51. The defendant denies the allegations set forth in Paragraph 51 of the Plaintiffs' Second Amended Complaint.

973801v1

**COUNT I – NEGLIGENCE OF UNITED STATES**

52. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

53. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

**COUNT II – NEGLIGENCE OF UNITED STATES**

54. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

55. The defendant makes no response to this Paragraph of the Plaintiffs' Second Amended Complaint as this Paragraph does not pertain to this defendant.

**COUNT III – PREMISES LIABILITY NEGLIGENT OF EBNHCC**

56. The defendant denies the allegations set forth in Paragraph 56 of the Plaintiffs' Second Amended Complaint.

57. The defendant denies the allegations set forth in Paragraph 57 of the Plaintiffs' Second Amended Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any of the relief requested in the Plaintiffs' Second Amended Complaint.

**COUNT IV – PREMISES LIABILITY NEGLIGENCE OF EBNHCC**

58. The defendant denies the allegations set forth in Paragraph 58 of the Plaintiffs' Second Amended Complaint.

59. The defendant denies the allegations set forth in Paragraph 59 of the Plaintiffs' Second Amended Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any of the relief requested in the Plaintiffs' Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The defendant denies that the plaintiff is entitled to any of the relief requested in his Complaint.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that this action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, is estopped to recover any judgment against the defendant.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, has waived any and all rights she may have had against the defendant, and, therefore, the plaintiff cannot recover in this action.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff consented to the defendant's alleged conduct, acts and statements and, therefore, the plaintiff cannot recover.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the negligence of plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff, Judith Thibeau, caused or contributed to her alleged injuries and therefore, the plaintiff, Judith Thibeau, is barred from recovery under M.G.L. c.231, §85.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant submits that it is entitled to the protections and immunities, including the statutory cap of $20,000, provided for under G.L. c. 231 §85K.

### JURY DEMAND

In the above-entitled action, the *defendant,* **East Boston Neighborhood Health Center Corporation**, claims a trial by jury of all issues triable to a jury.

> Respectfully submitted,
> The Defendant,
> East Boston Neighborhood Health Center
>     Corporation
> By its attorneys,
>
> MORRISON MAHONEY LLP
>
>
> /s/ Tory A. Weigand
> _____
> Tory A. Weigand, B.B.O. 548553
> Charles M. Urso, B.B.O. No. 647748
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

973801v1

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 3, 2006, a true copy of the above document was served upon each counsel of record electronically through filing with the ECF system. In addition, a copy of the above document was also served via facsimile upon counsel for the plaintiff, James Frederick.

                                  /s/ Tory A. Weigand
                                  _____
                                  Tory A. Weigand