UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

Docket No. 04-10643MLW

JUDITH THIBEAU
and GEORGE THIBEAU,
          Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
          Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITNESS STATEMENT AND RESPONSE TO DOCUMENT REQUESTS

INTRODUCTION

      This case arises out of an accident suffered by plaintiff Judith Thibeau when she fell on stairs located inside the building at 79 Paris Street, East Boston. That building is controlled and maintained by defendant East Boston Neighborhood Health Center Corporation [hereinafter referred to at "the Health Center"]. Just prior to her accident Ms. Thibeau had treated at the eye clinic located on the second floor of the building at 79 Paris Street. That clinic is funded in part by the United States Department of Health and Human Services. As part of her examination Ms. Thibeau had had her eyes dilated. The examination, including the dilation was performed by Richard Price, who was then a student at the New England School of Optometry. Mr. Price is now a doctor of optometry practicing in Greenwich, New York.

Plaintiffs claim, in part, that the Eye Clinic failed to give Ms. Thibeau proper warnings regarding the effects of eye dilation prior to the procedure, failed to notify Ms. Thibeau of the existence of an elevator [the use of which would have alleviated the risk of harm involved in using the stairs in a visually impaired condition], failed to direct her to the elevator after her examination and dilation.

The subject of plaintiffs' motion to compel is twofold. First, plaintiffs contend that there exists a report or statement written by Richard Price that has never been produced by defendant United States. Second, defendant United States has never filed or produced a formal written response to each request of plaintiffs' first or second document requests. Plaintiffs counsel and counsel for defendant United States conferred in person about the defendant's failure to produce Dr. Price's report / statement at his deposition on July 18, 2005, when plaintiffs' attorney first discovered that such document existed. Exhibit "A", Affidavit of James Frederick, Esq. Plaintiffs' counsel has conferred by telephone with the assistant U.S. Attorney about this request and his request for a formal written response to plaintiffs' document requests on at least two other occasions, the last being on or about November 14, 2005, for approximately 10 minutes. Id.

PROCEDURAL HISTORY

Plaintiff Judith Thibeau propounded her first set of requests for production of documents to defendant United States on December 29, 2004. As part of that request plaintiff sought the following documents:

2. All notes, measurements, photos and or reports written or prepared as a result of any investigation by any persons who investigated and/or responded to plaintiff Judith Thibeau's accident of September 26, 2002.

6. All statements, signed or unsigned, written or recorded, which were taken from or given by this defendant, its agents, servants or employees, concerning plaintiff Judith Thibeau's accident and the cause of such accident.

8. True copies of all reports filed or completed on behalf of the defendant regarding the occurrence of plaintiff Judith Thibeau's accident and submitted to any governmental agency, whether federal, state or local.

10. True copies of all accident reports, reports of injury notes, memos or other documents prepared by or on behalf of the defendant and utilized to report the occurrence of the alleged accident to his employer, and insurer or any governmental agency.

Exhibit "B", Plaintiff Judith Thibeau's First Set of Requests for Production of Documents to Defendant United States of America.

Defendant United States produced many documents in response to plaintiffs' first set of document requests, but never filed a formal pleading responding to each particular request of plaintiff Judith Thibeau's first request for production of documents to defendant United States of America. Frederick Affidavit.. Instead, defendant United States produced a document entitled "The United States of America's Answers to Interrogatories and Responses to Request for Production of Documents." Id.; Exhibit "C", The United States of America's Answers to Interrogatories and Responses to Request for Production of Documents. That document included answers to interrogatories, and was accompanied by a number of documents that were responsive

to some of plaintiffs' document requests; but did not formally respond to each of plaintiffs' document requests. Id.

Plaintiffs' interrogatories to defendant Health Center were answered by Dr. James O. Taylor, who was identified as the Chief Medical Officer for the Center. Frederick Affidavit. On March 21, 2005 the Health Center produced Dr. Taylor as its representative and as one of two persons most knowledgeable as to certain areas of inquiry which were noted on the notice of deposition [the other person being Dennis Buchieri, facilities director for the Health Center, who was deposed on June 24, 2005.]. Id. Dr. Taylor testified as to his familiarity with the organizational structure of the Health Center, its budget and the way in which it made and funded improvements to the structure of the building at 79 Paris Street, where the eye clinic or vision center was located. Id. He also testified to his familiarity with the building located at 79 Paris Street and the location of the eye clinic on the second floor of that building. Id. Furthermore, he testified that the eye clinic is a department of the Health Center and that the facilities budget for the eye clinic is merged with that of the Health Center. Exhibit "D", Transcript of Deposition of Dr. James Taylor, pp. 32-33.

Dr. Taylor also testified that if a patient is injured on the premises of the Health Center that he [Dr. Taylor] is the person who would typically receive copies of accident reports. Id. p. 59. When asked if he was the person most knowledgeable about "All notes, reports prepared as a result of an investigation of any person who investigated the plaintiff Judith Thibeau's accident" Dr. Taylor testified that "I believe you have everything." Id. pp. 68-69.

4

On March 23, 2005 the United States produced Dr. John Pietrantonio as the person most knowledgeable as to questions regarding the professional care received by Ms. Thibeau prior to her accident. Frederick Affidavit. Dr. Pietrantonio stated that he is the director of the eye clinic or vision center of the East Boston Neighborhood Health Center. Exhibit "E", Transcript of Deposition of Dr. John Pietrantonio, p. 10. He testified that he had talked by phone with Dr. Price in July or August 2003, informing him that he was "…going to be asked I believe by Dr. Taylor, who was doing the asking, to --- he was going to get a form, and he was going to ask about his – what he did during this examination, and …." Id. p. 73. When further asked by plaintiffs' counsel "I don't see a form filled out by the student in here." Dr. Pietrantonio responded "Well, I think we were asked to do this all about the same time, and so if you want my best guess, that I probably talked to him in July or August of 2003." Id. p. 74. Dr. Pietrantonio further stated that he assumed that Price had "…filled out the forms because we had the conversation that he was going to get it." Id. p. 75. Dr. Pietrantonio then also stated that he [Pietrantonio] guessed that he had never seen the form that Price filled out. Id. p. 76.

On July 18, 2005 defendant United States took the video tape deposition of Dr. Richard Price, who had been identified as the optometric student who had examined plaintiff Judith Thibeau's eyes (including applying dilating eye drops) on the day of her accident. Exhibit "F", Transcript of video deposition of Richard Price, pp. 12-14. Dr. Price testified that later that same day he saw Ms. Thibeau laying at the bottom of the stairs soon after her accident, and literally walked over her to get to the door as he made his way out of the clinic to go home. Id., pp. 24-25. Plaintiffs' attorney took a discovery deposition of Dr. Price immediately before the video deposition. Frederick Affidavit.

5

During this deposition Dr. Price stated that, approximately one year after Ms. Thibeau's accident, the Health Center had sent him a form to fill out regarding his dealings with Ms. Thibeau on the day of her accident. Price video deposition, pp. 28-29; Exhibit "G", Transcript of discovery deposition of Richard Price, pp. 28-29. 32-33. During these depositions Dr. Price testified that he had basically no memory of his examination of Ms. Thibeau. Price video deposition, pp. 17-21. Dr. Price filled out this one page form and mailed it to the "head of East Boston Neighborhood Health Center." Price video deposition, p. 29; Price discovery deposition, pp. 30. Price stated that the form that he filled out for Dr. Pietrantonio included details of his examination of Ms. Thibeau. Id. p. 31-33.

After Dr. Price's deposition assistant U.S. Attorney Alberto wrote a letter to Dr. Taylor, dated July 25, 2005, which stated that a "search of my files, as well as HHS Counsel, Richard Bergeron's search of HHS files, indicates that no document completed by Richard Price has been provided to the United States." Exhibit "H", Letter from attorney Alberto to Dr. Taylor. Attorney Alberto further stated in his letter that attorney Bergeron had "located an August 28, 2003 letter from you [Dr. Taylor] noting that Mr. Price's narrative was "still pending." Id. Attorney Alberto therefore requested that Dr. Taylor search his files "… to locate the alleged document which Richard Price testified he completed and mailed." Id.

As a result of the revelation by Dr. Price that he had prepared a report and sent it to either Dr. Taylor or Dr. Pietrantonio, plaintiffs propounded a second document request to defendant United States on August 1, 2005, which included the following specific request:

6

> 5. The form that was written and /or filled out by Richard Price in response to a request by Dr. John Pietrantonio and/or Dr. James O. Taylor and/or any other representative of the East Boston Neighborhood Health Center and/or the eye clinic of the East Boston Neighborhood Health Center as referred to in the deposition and video tape trial testimony of Richard Price which was given on July 18, 2005.

Exhibit "I", Plaintiff's Second Set of Requests for Production of Documents Propounded to Defendant United States.

As of November 14, 2005 neither defendant had formally responded to plaintiff's second document requests. Frederick Affidavit. Therefore plaintiffs' attorney wrote a letter to defendant East Boston Neighborhood Health Center's attorney (with a copy to the United States' attorney) stating in part that plaintiffs were "… seeking a copy of the form that was written and /or filled out by Dr. Richard Price in response to a request by Dr. Pietrantonio or Dr. Taylor and which Dr. Price referred to in his deposition and video tape trial testimony on July 18, 2005." Exhibit "J" Frederick letter. That letter further noted that the Health Center's attorney had advised plaintiffs' attorney that he thought that the U.S. Attorney's office should have a copy of the requested document, that the assistant U.S. Attorney had requested a copy of the document from Dr. Taylor since the document was not in the files of the United States Attorney or the files of counsel for the Department of Health and Human Services and that plaintiffs would be forced to file a motion to compel if Dr. Price's report was not produced. Id.

In response to the aforementioned November 14 letter, the assistant U.S. Attorney wrote to plaintiff's counsel on November 15 stating that he had contacted Dr. Taylor in response to the

7

November 14 letter. Exhibit "K", letter from Assistant U.S. Attorney dated November 15, 2005. In the November 15 letter the assistant U.S. Attorney stated: "... neither Dr. Taylor nor Dr. Pietrantonio can locate such a document." Id. The assistant U.S. Attorney further agreed in that letter to "... provide a formal response to your [plaintiffs'] request for production of documents." Id. The United States has not yet produced a formal response to plaintiffs' first or second document requests. Frederick Affidavit.

ARGUMENT

The above cited testimony of Drs. Price and Pietrantonio confirms that the defendants' requested a narrative report from Dr. Price regarding the events of September 26, 2002 and Dr. Price's examination of Ms. Thibeau, and that Dr. Price prepared such a report and sent the report to the defendants through Dr. Price or Dr. Pietrantonio. The report was a statement of a witness and, at a minimum, would have been crucial in plaintiffs' cross examination of Dr. Price. The document might also provide information that would have further supported plaintiffs' arguments for liability against each of the defendants. Such document constitutes a statement of a percipient witness, which as a matter of course (in response to plaintiffs' document requests, as well as the initial disclosure requirements of the Federal rules) should have been turned over to the plaintiffs. Given the fact that such statement would have been crucial and necessary for the cross examination of Dr. Price it can reasonably be assumed that such narrative report was not positive for the defendants.

Furthermore, as noted above, when Dr. Price gave his trial testimony (via video tape deposition) he had no memory of Ms. Thibeau or his examination of her, what he did during that examination or what warnings he might have given her during that exam. This testimony was taken in July 2005, almost three years after the date of the exam and accident. It is reasonable to infer that Dr. Price's memory of events of September 26, 2002 was much fresher and more accurate one year after the accident (by which time he would have completed the missing report); as opposed to three years later. Thus, plaintiffs are irrevocably prejudiced by the defendant's failure to preserve and produce a report prepared by such a fact witness within one year of the accident.

Rule 26(a) of the Federal Rules of Civil Procedure requires that each party shall, without awaiting a discovery request, provide a copy of "all documents ... and tangible things" in its possession that are "relevant to disputed facts alleged with particularity in the pleadings." Dr. Price's report is clearly such a document or tangible thing.

Rule 34(b) of the Federal Rules of Civil Procedure requires that the party upon whom the request is serve "shall serve a written reponse within 30 days after the service of the request." Rule 34.1 of the Local Rules of the United States Court for the District of Massachusetts requires that answers and objections to document requests shall be made and that any objections not timely made shall be deemed waived. Rule 34(b) of the Rules of Civil Procedure further states that "[t]he party submitting the document request may move for an order under Rule 37(a) with respect to any ... failure to respond to the request ...."

9

Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure states that if a party fails to make a disclosure required by Rule 26(a) that any other party "may move to compel disclosure and for appropriate sanctions." Rule 37(a)(2)(B) states that if a party fails to respond that inspection of a requested document will be permitted as refused or fails to permit inspection as requested, the discovering party may move for an order ... compelling inspection." Furthermore, Rule 37(a)(4) states that if the motion to compel is granted or if the requested discovery is provided after the motion is filed that the court shall require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees ....."

In any event defendant United States' failure to produce Dr. Price's statement amounts to a violation of the federal rules of procedure governing production of documents, as well as the rules of disclosure. Therefore, this court should impose sanctions against defendant United States. At a minimum such sanctions should include an order that the report of Dr. Price be immediately produced; and that if the report cannot be produced that Dr. Price's video taped testimony be struck and excluded from introduction at trial.

CONCLUSION

For all of the above reasons plaintiffs ask this court to to compel defendant United States to immediately produce a written statement written by witness Richard Price; and if the United States fails to so produce the statement of Richard Price, to impose sanctions upon the defendant for its failure to produce such document, which should include the striking of the trial testimony

of Richard Price. Plaintiffs further ask that this court award them their reasonable attorney's fees and costs expended in the preparation, filing and arguing of plaintiff's motion to compel.

Plaintiffs further move this court for an order compelling defendant United States to immediately produce to plaintiffs formal written responses to plaintiffs' first and second document requests, and rule that any objections to such requests are deemed waived; and to award plaintiffs their reasonable attorney's fees and costs expended in the preparation, filing and arguing of plaintiff's motion to compel.

> Plaintiffs,
> Judith and George Thibeau,
> by their attorney,
>
> James L. Frederick, Esq.
> BBO #543597
> Koufman & Frederick, LLP
> 1330 Beacon Street, Suite 311
> Brookline, MA 02446-3202
> (617) 738-7880