# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU                                                         Docket No. 04-10643MLW
and GEORGE THIBEAU,
                Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
                Defendants.

### AFFIDAVIT OF JAMES L. FREDERICK, ESQ.

I, James L. Frederick hereby depose and state as follows:

1. I am an attorney who is licensed in the Commonwealth of Massachusetts and admitted to practice before this court.

2. I represent the plaintiffs in the above case.

3. Defendant United States produced many documents in response to plaintiff Judith Thibeau's first set of document requests, but never filed a formal pleading responding to each particular request of plaintiff Judith Thibeau's first request for production of documents to defendant United States of America. Instead, defendant United States produced a document entitled "The United States of America's Answers to Interrogatories and Responses to Request for Production of Documents." That

document included answers to interrogatories, and was accompanied by a number of documents that were responsive to some of plaintiffs' document requests; but did not formally respond to each of plaintiffs' document requests.

4. Plaintiffs' interrogatories to defendant Health Center were answered by Dr. James O. Taylor, who was identified as the Chief Medical Officer for the Center.

5. On March 21, 2005 the Health Center produced Dr. Taylor as its representative for deposition and as one of two persons most knowledgeable as to certain areas of inquiry which were noted on the notice of deposition. The other person that the Health Center produced as person most knowledgeable was Dennis Buccieri, facilities director for the Health Center. I took Mr. Buchieri's deposition on June 24, 2005. During his deposition Dr. Taylor testified as to his familiarity with the organizational structure of the Health Center, its budget and the way in which it made and funded improvements to the structure of the building at 79 Paris Street, where the eye clinic or vision center was located. He also testified to his familiarity with the building located at 79 Paris Street and the location of the eye clinic on the second floor of that building.

6. On March 23, 2005 the United States produced Dr. John Pietrantonio as the person most knowledgeable as to questions regarding the professional care received by Ms. Thibeau prior to her accident.

7. I first learned that Dr. Price had actually prepared and submitted a report or statement regarding the events of September 26, 2002 when I took his deposition on July 18, 2005, just before the assistant U.S. Attorney took his video tape deposition. I conferred with counsel for defendant United States in person about the defendant's failure to produce Dr. Price's report / statement at Price's deposition on July 18, 2005. This was when I first discovered (through Dr. Price's testimony) that there existed a statement or report that Dr. Price had written and sent to defendant United States through Dr. Taylor or Dr. Pietrantonio. Since that time I have conferred by telephone with the assistant U.S. Attorney about this request on at least two other occasions, the last being on or about November 14, 2005, for approximately 10 minutes.

8. As of November 14, 2005 neither defendant had formally responded to plaintiff's second document requests. Therefore I wrote a letter to defendant East Boston Neighborhood Health Center's attorney (with a copy to the United States' attorney).

9. As of the date of this affidavit the United States has not yet produced a formal response to plaintiffs' first or second document requests.

Signed under the penalties of perjury this the 27th day of December 27, 2005.

James L. Frederick, Esq.

3