# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU and<br>GEORGE THIBEAU,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA and<br>EAST BOSTON NEIGHBORHOOD<br>HEALTH CENTER CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10643MLW<br>)<br>)<br>)<br>)<br>)<br>) |

### THE UNITED STATES OF AMERICA'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiffs, George and Judith Thibeau
       c/o
       James L. Frederick, Esq.
       Koufman & Frederick, LLP
       1330 Beacon Street, Suite 311
       Brookline, MA 02446

FROM:  Defendant, United States of America
       c/o
       Christopher Alberto
       Assistant United States Attorney
       United States Attorney for the District of Massachusetts
       U.S. Courthouse, Suite 9200
       1 Courthouse Way
       Boston, MA 02210

Defendant United States of America hereby submits its Answers to Plaintiff's First Interrogatories Propounded to Defendant as follows.

### GENERAL OBJECTIONS

Defendant United States of America, by and through counsel, Christopher Alberto, Assistant U.S. Attorney, answers the interrogatories of Plaintiff Judith Thibeau as follows:

    (a)    The information supplied in these Answers is not based solely on personal

knowledge of the executing party, but is based on information supplied by defendant's agents, representatives and attorneys, unless privileged or otherwise protected.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant objects to the Instructions contained in Plaintiff's Interrogatories to the extent they attempt to impose duties and responses beyond those required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify yourself fully be stating your full name, date of birth, present residential address, occupation and social security number.

ANSWER:

James O. Taylor, M.D.
Chief Medical Officer
East Boston Neighborhood Health Center
10 Gove Street
East Boston, MA 02128

2. Please describe the relationship between any agency of the United States of America (including the Department of Health and Human Services) and the East Boston Neighborhood Health Center Corporation and the Eye Clinic and/or Vision Center located on the second floor of the building located at 79 Paris St., East Boston; identify any and all contracts, letters, statutes, regulation and/or documents that govern the aforementioned relationship.

ANSWER:

Objection. To the extent that this interrogatory seeks information regarding the relationship between East Boston Neighborhood Health Center (hereinafter "EBNHC") and executive agencies of the United States other than the Department of Health and Human Services (hereinafter "DHHS"), it is overbroad and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, at all times relevant to the events giving rise to this litigation, EBNHC received grants from DHHS pursuant to 42 U.S.C. § 254b. EBNHC and its employees and qualified contractors also were deemed to be employees of the Public Health Service (hereinafter "PHS") pursuant to 42 U.S.C. § 233(g) and subject to regulations found at 42 C.F.R. Part 6. A copy of the letter deeming EBNHC as an employee of the PHS is attached as Exhibit A. A copy

2

EBNHC's grant application to DHHS is attached as Exhibit B.

3. Who is the party and/or person and/or legal entity that pays and/or employs the persons that work at the Eye Clinic or Vision Center of the EBNHC, including full and part time employees and independent contractors.

ANSWER:

EBNHC pays its employees and contractors. Richard Price, who at the time of the events giving rise to this litigation was a student at the New England College of Optometry working at the Vision Center, was not paid nor employed by EBNHC. Neither Mr. Price nor Mark Abelson, M.D., a contractor of EBNHC, have been deemed to be employees of the PHS because Mr. Price was not an employee nor contractor of EBNHC and Dr. Abelson was not a qualified contractor because at all relevant times he was a part-time contractor in the field of ophthalmology and therefore was not providing services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology. 42 U.S.C. § 233(g)(5)(B).

4. Please state the name and address of any persons who investigated and/or responded to plaintiff's accident of September 26, 2002 and state what that person did in his/her investigation; and whether that person took notes, measurements, photos and or wrote a repsrt as a result of such investigation.

ANSWER:

This interrogatory is directed to co-defendant EBNHC for Plaintiffs' theory of recovery based on premises liability and therefore does not require a response from the United States. The United States did not investigate nor respond to Judith Thibeau's alleged accident.

5. Please state the name, address and position of the EBNHC Eye Clinic or Vision Center of the person who administered dilating eye drops to Ms. Thibeau's eyes on September 26, 2002.

ANSWER:

Richard Price, student, New England College of Optometry, whose address is not currently known.

6. Please state the brand name and dosage of the eye drops administered dilating eye drops to Ms. Thibeau's eyes as part of her examination at the Eye Clinic and/or Vision Center on September 26, 2002.

3

ANSWER:

Phenylephemine 2.5% 1 drop each eye
Tropicamide 1% 1 drop each eye
Generic form – brand unknown

7. Specify all written and/or oral warnings that were provided to Ms. Thibeau regarding the effect(s) of dilation on Ms. Thibeau's vision prior to the administration of dilating eye drops to Judith Thibeau's eyes on September 26, 2002.

ANSWER:

The patient was given standard instructions before the eye drops were administered to her, namely, blurred vision, sensitivity to sunlight, she was warned against driving and given sunglasses prior to leaving the office.

8. Specify the contents of the dilation warning that was given to Ms. Thibeau on September 26, 2002 and which was noted on the EBNHC Eye Clinic Progress Note, dated 9-26-02, in the words "Dilation warning given." A copy of the aforementioned Progress Note is attached hereto as Exhibit A.

ANSWER:

See response to interrogatory no. 8 above. These warnings were given orally.

9. State the names and addresses of all persons whose handwriting appears on the EBNHC Eye Clinic Progress Note, dated 9-26-02 (a copy of which is attached hereto as Exhibit "A"), specifying which words, numbers or letters are in that person(s) handwriting.

ANSWER:

Richard Price wrote the majority of the progress note, Dr. John Pietrantonio noted that patient education as to the risks and benefits of the treatment were given, and Dr. Mark Abelson signed the note.

10. Were all of the words, numbers or letters written on the aforementioned EBNHC Eye Clinic Progress Note (dated 9-26-02) written between the time that Ms. Thibeau entered the Eye Clinic and the time she exited the door of the Clinic? If not, please state which entries were written either before or after Ms. Thibeau entered or left the clinic.

ANSWER:

Yes.

4

11.     State the names and addresses of all doctors, nurses, medical assistants, medical students or any other health care professional who had any contact whatsoever with Ms. Thibeau on September 26, 2002 at the Eye Clinic and/or Vision Center, and the nature of the contact that these persons had with Ms. Thibeau.

ANSWER:

See response to interrogatory no. 9 above.

12.     State the names and addresses of all persons employed in the Eye Clinic and/or Vision Center that, on September 26, 2002, advised Mr. or Mrs. Thibeau that there was an elevator available to travel from the second floor of the building located at 79 Paris Street where the Eye Clinic and/or Vision Center was located to the first floor of that building.

ANSWER:

It is not known if any employees so advised the plaintiffs.

13.     Please describe all notices and/or signs (including but not limited to the wording of such and the type size and font of the wording on such signs or notices) posted in the Eye Clinic and/or Vision Center on the second floor and/or outside of the doors to the Eye Clinic/Vision Center which stated that there was an elevator in service and available for patients to travel from the second floor to the ground floor of that building.

ANSWER:

The elevator is adjacent to the stairs, approximately one foot away, and the elevator call button is six inches from the rear wall of the descending stairs. Thus, both the elevator and the stairs are within the line of vision for persons leaving the eye clinic. A sign above the elevator call button states "Do not use elevator in case of fire."

### CERTIFICATION

I hereby certify that the foregoing answers and responses are true to the best of my knowledge, information and belief.

James O. Taylor, M.D.
Chief Medical Officer
EBNHC

5