UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU
and GEORGE THIBEAU,
        Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
        Defendants.

Docket No. 04-10643MLW

## PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT EAST BOSTON NEIGHBORHOOD HEALTH CENTER CORPORATION'S MOTION FOR SUMMARY JUDGMENT

In response to defendant's reply memorandum in support of motion for summary judgment, plaintiffs hereby further state and supplement their opposition to defendant East Boston Neighborhood Health Center Corporation's motion for summary judgment.

Defendant mistakenly states that plaintiffs cannot cite any case or applicable code provision supporting the assertion that defendant owed certain duties of care to plaintiff Judith Thibeau. However, there is no question as to the existence of defendant's duty of care. That duty was a duty of reasonable care; i.e. to act "as a reasonable man in maintaining his property in a reasonably safe condition in view of all circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." Mounsey v. Ellard 363 Mass. 693, 708 (1973), 297 N.E.2d 43. Whether defendant breached its duty of care to plaintiff Judith Thibeau – in other words was defendant negligent – is a question of fact for the jury to decide.

Plaintiffs have alleged that defendant breached its duty of care in various ways including but not limited to whether defendant should have notified (by signs or statements by Health Center Personnel) plaintiff of the existence and availability of an elevator that plaintiff could have used instead of using the stairs (where she ultimately fell) and whether defendant should have extended the stair railings to make them more safe for visually impaired patients such as Judith Thibeau.

The question of whether the doctrine of "open and obvious" applies is inapposite. That doctrine states that there is no duty to warn of the existence of a defect or dangerous condition if that condition is open and obvious. The doctrine does not apply in the instant case because plaintiffs do not allege that the elevator is a defect or dangerous condition. Instead, plaintiffs argue that defendant breached its duty to maintain the premises in a reasonably safe condition by failing to post signs and otherwise alert visually impaired persons such as Ms. Thibeau of the existence of the elevator and its availability for use by patients as an alternative to the stairs. Plaintiffs further allege that defendant breached its duty of care by failing to advise visually impaired patients such as Ms. Thibeau that there was a safer way to travel from the second to the first floor (i.e. by advising them of the existence and the availability of the elevator) and that such failure was a breach of defendant's duty of care.

Plaintiffs do not argue that the defendant had a duty to post signs to alert Ms. Thibeau of the existence of the elevator; rather plaintiffs argue that defendant <u>breached its duty of reasonable care</u> by failing to post signs or advise plaintiff of the existence and availability of the

elevator. The question of whether defendant breached its duty of care to plaintiff Judith Thibeau is one for the trier of fact by considering various subsidiary facts, including but not limited to the extent of plaintiff's visual impairment, her prior knowledge of the elevator (or lack thereof) and the defendant's knowledge of the fact that many patients (including plaintiff Judith Thibeau) exited the eye clinic with impaired vision, the appearance and position of the elevator and whether patients knew or should have known of the existence and availability of the elevator. These are questions of fact that must be answered by a jury. Defendant essentially agrees with the proposition that this is a fact issue for the jury to decide by listing a number of facts which should be assessed to determine whether there was a breach of duty; i.e. the number of times she had been to the building before, the number of times her eyes had been previously dilated, her prior use of the stairs, whether she knew to look out for her own safety, etc.. If anything, these are factors to be argued as to whether Judith Thibeau was comparatively negligent.

Likewise, whether the handrails on the stairs where plaintiff fell should have been extended is a question of breach of duty; and whether maintaining the stairway without extended handrails was a breach of defendant's duty of care. The defendant's general duty of reasonable care is clear and undisputed. The jury must decide whether defendant breached that duty of care. Whether a lack of extended handrails violates certain regulations is not dispositive of whether the lack of extended handrails was negligent; but is only one factor in determining whether there was a breach of duty of care. In fact, the Health Center's facilities director Dennis Buchieri admits that the Health Center has installed handrails in buildings where handrails were not required by statute or regulation, for the purpose of enhancing the general safety of a building. See Exhibit "A", Supplemental Issues of Fact. In particular, the Health Center added handrails to a ramp in

the building located at 155 Addison Street, where the handrails were not required by any statute or regulation. Id. Buchieri testified that these handrails were installed for "General safety." Id. Thus, the Health Center has by its own actions agreed with the proposition that complying with its duty of care to maintain premises in a reasonably safe condition is not simply determined by whether a condition is mandated by statute or regulation.

The expert opinion of Herbert Eisenberg is evidence that is offered to help the jury determine whether the lack of handrail extensions was negligent. Id.; see also Eisenberg report attached to Plaintiff's Expert Disclosure. Eisenberg notes that, in rendering his opinion he considered standards set forth in regulations and guide books that deal with handrails and handrail extensions and their significance to visually impaired persons; and that a horizontal extension of a handrail at the bottom of the stairs indicates that the landing has not been reached until the horizontal extension begins, and that the last step would be down to the floor level where the horizontal extension is and where an adjustment of balance and gait for level walking could commence. Thus, Ms. Thibeau's description of how she fell is another crucial fact that a jury would have to consider in determining the significance of Eisenberg's opinion and the causal relationship between the lack of the handrail extension and Ms. Thibeau's fall.

Irrespective of whether Ms. Thibeau said that she never stepped on the last step, missed the last step, or stepped over it when she fell, there is no question that she fell at the point when she reached the end of the handrail because she failed to adjust her step and lost her balance. This was because the stairs lacked that important visual cue (the handrail extension) that the stairs had not yet ended. Significantly defendant fails to include in its reply memo any mention

of plaintiff's testimony that she missed the last step because her eyes were blurry and **she thought she was at the bottom of the stairs because the handrail had ended.** Judith Thibeau deposition pp. 63.

Thus, there is evidence that the lack of handrail extension caused Ms. Thibeau's accident; and the issue of causation is a fact question that should be reserved for the jury and not disposed of by summary judgment. Mullins v. Pine Manor College, 389 Mass. 47, 58, 449 N.E. 2d. 331 (1983). ["The question of causation is generally on of fact for the jury."]

Whether the defendant knew or should have known that a lack of handrail extensions was a hazard or unsafe condition is a question of fact for the jury to determine. There are facts in existence whereby the jury could reasonably infer that the Health Center knew that a number of patients descending these stairs did so with impaired vision. Dr. John Pietrantonio who was (and is) the director of the eye clinic and an employee of the Health Center is aware that eye dilation causes visual impairment. See previously filed Plaintiffs Statement of Additional Undisputed Facts. He also believes that once that once the eye clinic's patients have had their eyes dilated that the clinic owes those patients the duty to make sure that the patients make it safely out of the building. Id. Dr. Pietrantonio's knowledge and opinion may be imputed to the Health Center. Thus, Dr. Pietrantonio admits that the clinic and the Health Center have an enhanced duty of care for those patients like Ms. Thibeau who have had their eyes dilated.

Plaintiffs' other proposed expert witness, optometrist Dr. Arthur Epstein is expected to offer testimony that dilating eye drops usually cause loss of contrast sensitivity, decreased depth

perception, blurry vision, glare, sensitivity to light and disorientation. Supplemental Issues of Fact. It is also expected that he would testify that on the date of the accident Ms. Thibeau was suffering from a unilateral dense cataract. Id. The presence of this condition can reduce contrast sensitivity and interfere with depth perception. Id. The dilation of her eyes on 9/26/02 likely caused additional loss of contrast sensitivity, decreased depth perception, blurry vision, glare, sensitivity to light and disorientation. Id. In combination, the effects of the cataract and dilation caused Ms. Thibeau to suffer a greater increase in loss of contrast sensitivity, loss of depth perception and disorientation than would be expected from the standard effects of dilation. Id. This evidence of visual impairment should be considered by the jury in determining whether the Health Center knew or should have known that there should have been handrail extensions at the bottom of the stairs for persons as visually impaired as Ms. Thibeau.

## CONCLUSION

For all of the reasons stated herein, as well as these in plaintiffs' original opposition to motion for summary judgment, this court should deny defendant's motion for summary judgment.

Plaintiffs,
Judith and George Thibeau,
by their attorney,

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing pleading was served upon the following attorney(s):

BY HAND DELIVERY

Christopher Alberto, Esq.
Assistant U.S. Attorney
United States Attorney for the District of Massachusetts
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

BY FACSIMILE AND HAND DELIVERY

Tory A. Weigand, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210

DATED: 12/28/2005

James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446
(617) 738-7880