UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU
and GEORGE THIBEAU,                          Docket No. 04-10643MLW
    Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
    Defendants.

**PLAINTIFFS' OPPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFFS' SUPPLEMENT TO PREVIOUSLY FILED EXPERT DISCLOSURES**

    Plaintiffs hereby state their opposition to defendant East Boston Neighborhood Health Center Corporation's motion to strike plaintiffs' supplement to previously filed expert disclosures. As grounds for this opposition plaintiffs state that the motion is no

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU
and GEORGE THIBEAU,                       Docket No. 04-10643MLW
    Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
    Defendants.

### PLAINTIFFS' OPPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENT TO PREVIOUSLY FILED EXPERT DISCLOSURES

Plaintiffs hereby state their opposition to defendant East Boston Neighborhood Health Center Corporation's motion to strike plaintiffs' supplement to previously filed expert disclosures. As grounds for this opposition plaintiffs state that the motion is no longer timely, that the defendant will suffer no prejudice if plaintiffs' supplemental expert report is allowed to stand, there is no good cause to grant the motion and that it is otherwise in the interests of justice to deny the motion.

Defendant's motion to strike was filed on or about December 28, 2005, the day that this court held a hearing on defendant's motion to amend its answer and defendant's motion for summary judgment. On December 29 allowed defendant's motion to amend, denied defendant's motion for summary judgment, cancelled the trial date of January 30 and scheduled a pre-trial conference for February 13, 2006. Prior to its orders of December 29 this court had held a scheduling conference on August 10, 2005, scheduling trial for January 30, 2006 and final

l

onger timely, that the defendant will suffer no prejudice if plaintiffs' supplemental expert report

is allowed to stand, there is no good cause to grant the motion and that it is otherwise in the interests of justice to deny the motion. Furthermore, the gist of defendant's motion to strike is that plaintiffs' expert supplemented his opinion "in the face of" defendant's motion for summary judgment which was pending at the time the motion to strike was filed; and that in effect the supplemental report should not have been considered in the court's ruling on the summary judgment motion. Since the court has denied defendant's motion for summary judgment, the prior pendency of the summary judgment motion is insufficient reason to strike plaintiffs' supplement to their expert's opinion.

     Defendant's motion to strike was filed on or about December 28, 2005, the day that this court held a hearing on defendant's motion to amend its answer and defendant's motion for summary judgment. On December 29 allowed defendant's motion to amend, denied defendant's motion for summary judgment, cancelled the trial date of January 30 and scheduled a pre-trial conference for February 13, 2006. Prior to its orders of December 29 this court had held a scheduling conference on August 10, 2005, scheduling trial for January 30, 2006 and final pretrial conference set for January 26. The August 10 scheduling order also required that plaintiffs file their expert reports by September 30, 2005; and set a deadline for filing motions in limine [which would presumably include motions to exclude or strike testimony of expert witnesses such as Herbert Eisenberg, the expert that defendant's motion to strike is addressed to] for January 23, 2006. The scheduling order made no mention of supplementation of expert reports.

As a result of the court's December 29 order plaintiffs have also been allowed until January 28 to file and serve an amended complaint adding new parties. It is expected that at least some additional discovery will take place. Another pretrial conference has now been scheduled for February 13, 2006, at which time the court is expected to issue a supplemental scheduling order which presumably will contain time deadlines for discovery, expert witness disclosure, filing of pre-trial motions, final pre-trial conference and trial.

Thus, the court's August 10 scheduling order has been superseded by the court's December 29 order and will be further superseded by the upcoming February 13 pre-trial conference. Thus, the August 10 scheduling order is effectively no longer in effect. Therefore defendant's motion to strike plaintiff's supplement to previously filed expert disclosure is now no longer timely. The fact that plaintiffs supplemented their previously (and timely) expert disclosure to add a supplemental disclosure and report from expert witness Herbert Eisenberg, and the timing of that supplemental disclosure (filed on December 15, 2005) is now of much less (or no) consequence to the defendant and works no prejudice against the defendant.

Furthermore, defendant mistakenly states that the supplemental disclosure materially and radically changes Mr. Eisenberg's previous opinion. The supplemental report adds information to Eisenberg's previous report – but does not materially change the contents, facts or opinions set forth in that report. By more specifically addressing the handrail on the left side (or inside) of the stairway and how it could feasibly be extended onto the landing, Eisenberg's supplemental report continues to address the defect of the handrails and stairs described in Eisenberg's first report; i.e. that a dangerous condition exists because the handrails do not extend out onto the

landing to serve as a visual cue for visually impaired persons (like plaintiff Judith Thibeau) as to where the stairs actually end, thereby lessening the chances of missteps and falls at the end of the stairs (such as suffered by Ms. Thibeau).

Furthermore, there is nothing in the District Court's Local Rules or the Federal Rules of Civil Procedure or the court's August 10 scheduling order that prevent a party from supplementing its expert disclosure. In fact the rules encourage transparency in the disclosure of all expected evidence, including expected testimony of expert witnesses. Rule 26 (e) (1) of the Federal Rules of Civil Procedure requires the parties to supplement their expert's reports as necessary. By the same token defendant's experts can and should supplement their reports if they need to further address concerns raised by plaintiffs' expert Eisenberg.

For all of the above reasons there is no good cause - and it is against the interests of justice - to grant defendant's motion to strike. Therefore plaintiffs ask this court to deny defendant's motion to strike.

Plaintiffs,
Judith and George Thibeau,
by their attorney,

_____
James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that a copy of the foregoing pleading was served upon the following attorney(s) VIA FIRST CLASS MAIL:

Christopher Alberto, Esq.
Assistant U.S. Attorney
United States Attorney for the District of Massachusetts
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Tory A. Weigand, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210

DATED: _____, 2006                        _____
                                                    James L. Frederick, Esq.

BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446