UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU                                            Docket No. 04-10643MLW
and GEORGE THIBEAU,
               Plaintiffs,

v.

UNITED STATES OF AMERICA,
EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
And DENNIS BUCHIERI
               Defendants.

## PLAINTIFFS' THIRD AMENDED COMPLAINT

**Parties**

1. Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2. George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3. Defendant United States of America [hereinafter referred to as "United States"] funds the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.

4. The United States of America operates and maintains the East Boston Neighborhood Health Center [hereinafter referred to as "the Health Center"] through the Department of Health and Human Services.

5. Defendant East Boston Neighborhood Health Center Corporation [hereinafter referred to as EBNHCC] operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6. Defendant EBNHCC owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7. Defendant EBNHCC maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

8. Defendant Dennis Buchieri is the facilities director and safety officer of EBNHCC and is employed as such by EBNHCC and is responsible for the construction, maintenance and safety of the building located at 79 Paris Street, East Boston.

**Jurisdiction**

9. This court has jurisdiction because the defendant United States funds and/or operates and/or maintains the Health Center, which was allegedly negligent and which is therefore subject to the United States Federal Tort Claims Act.

10.     Pursuant to the requirements of the Federal Tort Claims Act plaintiffs presented their claim for damages resulting out of Judith Thibeau's accident of September 26, 2002, by mailing such claim to the Department of Health and Human Services on August 6 2003.

11.     The Department of Health and Human Services received plaintiffs' claim letter on August 11, 2003.

12.     As of the date of this complaint, which is more than six months after filing of the aforementioned claim, the Department of Health and Human Services has not made a final determination or response to the claim.

13.     This court has jurisdiction over defendant EBNHCC because plaintiffs' original complaint against this defendant in Massachusetts Superior Court was removed by the defendant to this Federal Court as a companion action.

14.     This court has supplemental jurisdiction over defendant Buchieri pursuant to 28 U.S.C.A. Sec. 1367.

**Facts**

15.     On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

16. The building located at 79 Paris Street is owned by defendant EBNHCC.

17. The building located at 79 Paris Street is maintained by defendant EBNHCC.

18. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the Health Center.

19. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

20. Defendant United States Health administers, staffs and is responsible for the employees of the Vision Center.

21. The Vision Center is a subdivision of the Health Center.

22. The defendant United States administers the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

23. The defendant United States is responsible for the actions of the Vision Center and its employees; and thereby owed the plaintiff Judith Thibeau various duties of care.

24.     The defendant, EBNHCC is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]

25.     Defendant Buchieri is responsible for the maintenance of the premises.

26.     Defendant Buchieri is responsible for safety of the premises.

27.     Defendant Buchieri has various duties of care to all lawful visitors to the premises including but not limited to the duty to maintain the premises in a reasonably safe condition and had such duty of care on September 26, 2002.

28.     On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center of the Health Center.

29.     As part of her examination the Health Center administered dilating eye drops to Ms. Thibeau's eyes.

30.     As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.

31.     After her examination, and after having her eyes dilated, Ms. Thibeau left the vision center, which was located on the second floor of the Health Center, and walked down the stairs of the Health Center building to the first floor of that building.

32. As Judith Thibeau walked down the stairs inside the Health Center she fell, thereby suffering personal injuries.

33. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.

**Breach of Duty of Care by the United States**

34. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.

35. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.

36. The defendant United States failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.

37. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

38. The defendant United States breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

39. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

40. The defendant United States breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

**Proximate Cause and Damages**

41. The proximate cause of the aforementioned accident was the negligence of the defendant United States.

42. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

43. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

44.     As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

**Breach of Duty of Care (Premises Liability) By EBNHCC**

45.     The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

46.     The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

47.     The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

48.     The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail on the stairs where Ms. Thibeau fell.

49.     The defendant EBNHCC breached its duty of care to protect Judith Thibeau against dangerous and/or defective conditions on the premises.

50. The defendant EBNHCC breached its duty of care to warn Judith Thibeau of dangerous and/or defective conditions on the premises.

51. The defendant EBNHCC breached its duty of care to Judith Thibeau to keep the premises reasonably safe.

52. The defendant EBNHCC breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

**Proximate Cause and Damages**

53. The proximate cause of the aforementioned accident was the negligence of the defendant EBNHCC.

54. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

55. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

56. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

**Breach of Duty of Care by Buchieri**

57. The defendant Buchieri breached his duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

58. The defendant Buchieri breached his duty of care to Ms. Thibeau and was therefore negligent by failing to post or have posted a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

59. The defendant Buchieri breached his duty of care to protect Judith Thibeau against dangerous and/or defective conditions on the premises.

60. The defendant Buchieri breached his duty of care to warn Judith Thibeau of dangerous and/or defective conditions on the premises.

61. The defendant Buchieri breached his duty of care to Judith Thibeau to keep the premises reasonably safe.

62.    The defendant Buchieri breached his duty of care to Ms. Thibeau and was therefore negligent by failing to provide and/or construct and/or maintain adequate handrails on the stairs where Ms. Thibeau fell.

**Proximate Cause and Damages**

63.    The proximate cause of the aforementioned accident suffered by plaintiff Judith Thibeau was the negligence of the defendant Buchieri.

64.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

65.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

66.    As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

**COUNT I -    NEGLIGENCE OF UNITED STATES**

67.    Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

68.     The negligence of defendant United States of America proximately caused plaintiff Judith Thibeau severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

**COUNT II - NEGLIGENCE OF UNITED STATES**

69.     Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

70.     The negligence of defendant United States of America proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

**COUNT III - PREMISES LIABILITY NEGLIGENCE OF EBNHCC**

71. Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

72. The negligence of defendant East Boston Neighborhood Health Center proximately caused plaintiff Judith Thibeau severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

**COUNT IV - PREMISES LIABILITY NEGLIGENCE OF EBNHCC**

73. Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

74. The negligence of defendant East Boston Neighborhood Health Center Corporation proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## COUNT V - NEGLIGENCE OF DEFENDANT BUCHIERI

75. Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

76. The negligence of defendant Buchieri proximately caused plaintiff Judith Thibeau severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT VI - NEGLIGENCE OF BUCHIERI

77. Plaintiff repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

78. The negligence of defendant Buchieri proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

**JURY CLAIM**

Plaintiff claims a trial by jury on all claims and issues so triable.

Plaintiffs,
Judith and George Thibeau,
by their attorney,

_____
James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202
(617) 738-7880