UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUDITH THIBEAU<br>and GEORGE THIBEAU<br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>and EAST BOSTON NEIGHBORHOOD<br>HEALTH CENTER CORPORATION<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-10643-LTS |

**UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITNESS STATEMENT AND RESPONSE TO DOCUMENT REQUESTS**

**I. INTRODUCTION**

This case arises out of Judith Thibeau's ("Ms. Thibeau") alleged slip and fall at East Boston Neighborhood Health Center ("Health Center"). Plaintiff filed a Motion to Compel Production of Witness Statement and Response to Document Requests ("motion to compel") to compel the United States to produce a witness statement that the United States does not have in its possession, custody, or control.[1] For the reasons stated below, the United States respectfully asks this court to deny that motion.

**II. FACTS**

On September 26, 2002, Dr. Price examined Ms. Thibeau at the Health Center's Eye Clinic. Dr. Price dilated Ms. Thibeau's eyes in order to perform that examination. The central

---

[1] This opposition addresses only Ms. Thibeau's request that the United States be sanctioned for not producing that witness statement. The parties have resolved all the other issues raised in Ms. Thibeau's motion to compel.

fact in dispute is whether Dr. Price gave Ms. Thibeau a warning that the eye dilation procedure could blur her vision and make her eyes sensitive to light.  Ms. Thibeau claims that he did not warn her and that failure to warn her amounts to malpractice, which led to her alleged slip and fall while exiting the Health Center after her eye examination.  Dr. Price, however, noted "dilation warning given" in the Eye Clinic Progress Note ("Progress Note"), which the Health Center doctors use to memorialize the events and findings of a patient's eye examination.  Dr. Price further testified at his deposition that it was his and the eye clinic's standard operating procedure to warn patients that their eyesight may be temporarily affected by the eye dilation procedure.

Dr. Price also testified that Dr. Pietrantonio from the Health Center informed him about a year after Ms. Thibeau's examination that she filed a claim against the Health Center alleging that he failed to give the dilation warning.[2]  During that conversation, Dr. Pietrantonio also requested that he complete a form regarding Ms. Thibeau's September 26, 2002, eye examination.  Dr. Price testified that he completed a form and returned it to Health Clinic.  Moreover, Dr. Price further testified that the information he wrote in that form is similar to that contained in Ms. Thibeau's Progress Note.  *See* Exhibit 1, Dr. Price deposition testimony at 31:23 - 33:17, 35:23 - 36:6.  Although Dr. Price claims to have returned that form to the Health Center, it cannot be found.  Therefore, the United States has been unable to produce that form ("lost form") during discovery.  As a result, Ms. Thibeau now requests that this court sanction the United States for not producing that lost form by excluding Dr. Price's testimony at trial.

**III. ARGUMENT**

---

[2]Dr. Price now operates an optometry practice in New York State.

Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure states that a party must provide to the other party, without awaiting a request, "a copy of, or a description of by category and location of, all documents, data compilations, and tangible things *that are in the possession, custody, or control of the party*. . . ." FED. R. CIV. P. 26(a)(1)(B) (emphasis added). The lost form Ms. Thibeau sought during discovery is not in the possession, custody, or control of the United States or any of its agents or experts. *See United States ex rel. Stewart v. Louisiana Clinic*, 2003 WL 737463 (E.D.La. 2003) (noting that a document in a party's agent's control is in the control of that party); *see also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass.2000) (noting that a document in a party's expert's control is in the control of that party). While the United States made every effort to locate that lost form, it cannot be found. *See* Exhibit 2, correspondence between C. Alberto, Attorney for the United States, and Dr. Taylor, Chief of the Health Clinic. The United States "cannot produce a document it does not possess." *Eley v. Herman*, 2006 WL 276741, *slip opinion* at *4 (N.D. Ind. Feb. 2, 2006) (quoting *Tomanovich v. Glen*, No. IP 01-1247 C Y/K, 2002 WL 1858795, at *2 (S.D.Ind. Aug.13, 2002). The United States simply did not violate Rule 26(a)(1)(B).

Moreover, Ms. Thibeau relies on Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure in her request for the court to sanction the United States. Rule 37(a)(2)(A), however, refers to a party that *fails* to comply with Rule 26(a). It is self evident that the United States can only violate Rule 26(a) if it holds or controls the lost form Dr. Price states he completed and returned to the Health Clinic. Additionally, Ms. Thibeau fails to show any evidence that the United States possesses or controls that lost form; she bears the burden to produce such evidence before she can benefit from the sanctions she seeks under Rule 37(a)(2)(A). *See Golden Trade*

3

*S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion").

Furthermore, no prejudice falls on Ms. Thibeau because the United States cannot locate and produce the lost form. Ms. Thibeau had an opportunity to question, and did question, Dr. Price at his deposition about the content of the lost form. Dr. Price testified that the information contained in the lost form is similar to that contained in the Progress Note, which the United States produced during discovery. If anything, the Progress Note is more accurate than the lost form because Dr. Price made the Progress Note contemporaneously with Ms. Thibeau's eye examination.

Rule 37 shields the United States from the sanction Ms. Thibeau seeks if it demonstrates a "substantial justification" for not producing the lost document. *See* FED. R. CIV. P. 37(c)(1) ("[a] party that <u>without substantial justification</u> fails to disclose information required by Rule 26(a) . . .)(emphasis added). When analyzing whether a substantial justification exists, the First Circuit employs a totality of the circumstances test and points out that the "focus of the preclusion inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure." *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1999). Additionally, in order for testimony to be excluded, willful or deliberate misconduct is required. *Yang v. Brown University*, 149 F.R.D. 440, 443 (D.R.I. 1993). Moreover, excluding "evidence under Rule 37 is a 'grave step[ ],' (that is) '"by no means an automatic response to a delayed disclosure . . . [or] where failure to make discovery [is] not willful."' *Id.* (Citing *Jackson v. Harvard University*, 900 F.2d 464, 469 (1st Cir. 1990) (quoting

*Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1341 (1st Cir.1988)). Ms. Thibeau has not shown any evidence that the United States engaged in willful or deliberate misconduct.

When determining whether there is a substantial justification, other courts use a four-pronged test. The Tenth Circuit, for example, counsels that the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. V. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (denying sanctions because the moving party had knowledge of the information they sought to discover, cross examination was allowed outside the presence of a jury, and a reduced likelihood of bad faith was present).[3] Under the circumstances of this case, these four factors mitigate against sanctions. First, Ms. Thibeau is aware of the contents of the lost form, she has Dr. Price's Progress Note, which contains similar information, and she questioned Dr. Price about the lost form. Second, the United States has cured any possible prejudice that may exist by making Dr. Price available for deposition regarding the contents of the lost form and producing the Progress Note. Third, the testimony Ms. Thibeau seeks to exclude would not disrupt the trial, rather it would lead to more efficient and reliable fact finding. Finally, as demonstrated, the United States made a diligent good faith effort to locate the lost form.

**IV. CONCLUSION**

---

[3]This test is modified slightly in some other Circuits. For example, the Fourth Circuit replaces the bad faith factor with "the explanation of the party's failure . . ." and "the importance of the testimony." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Company*, 318 F.3d 592, 597 (4th Cir. 2003). The United States also meets these two additional factors used by the Fourth Circuit.

For the foregoing reasons, the United States asks this court to deny Ms Thibeau's motion to compel.

    Respectfully Submitted,
    United States of America
    By it's Attorney

    Michael J. Sullivan
    United States Attorney

    _____
    CHRISTOPHER ALBERTO
    Assistant United States Attorney
    John Joseph Moakley
    United States Courthouse, Suite 9200
    1 Courthouse Way
    Boston, MA 02210

## CERTIFICATE OF SERVICE

This is to certify that I have this 17th day of February 2006, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: James L. Frederick, Esquire, Koufman & Frederick, LLP, 1330 Beacon Street, Suite 311, Brookline, MA 02446-3202.

    /s/Christopher Alberto
    CHRISTOPHER ALBERTO
    Assistant U.S. Attorney