UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
JUDITH THIBEAU                                )
and GEORGE THIBEAU,                           )
                                              )
Plaintiffs,                                   )  C.A. No. 1:04-cv-10643-LTS
                                              )
v.                                            )
                                              )
UNITED STATES OF AMERICA and EAST             )
BOSTON NEIGHBORHOOD HEALTH CENTER             )
CORPORATION,                                  )
                                              )
Defendants.                                   )
                                              )
_____)

**MOTION IN LIMINE BY THE DEFENDANT, THE UNITED STATES OF AMERICA, TO ADMIT IN EVIDENCE THE OTHER PATIENTS' EYE RECORDS**

The defendant, the United States of America, by and through undersigned counsel moves this court to admit into evidence, East Boston Neighborhood Health Center Eye Clinic ("Eye Clinic") redacted eye examination records of other patients from the day Judith Thibeau fell, September 26, 2002.  Eye examination records written by Richard Price and other student doctors are relevant because they show a "routine practice of an organization" pursuant to Federal Rule of Evidence 406.   The records demonstrate the Eye Clinics practice, on the day of Judith Thibeau's fall, of giving a verbal dilation warning and notating that the warning was performed in the medical record.  These medical records meet all requirements for admissibility under the test delineated by the First Circuit.

> Under the rule, there are three preconditions for admission of such statements: (1) the statements must be made for purposes of diagnosis or treatment (2) about (i) medical history (ii) or past or present symptoms, pain, or sensations or (iii) about the inception or general character of the cause or external source thereof (3) insofar as they are reasonably pertinent to diagnosis or treatment.

Danaipour v. McLarey, 386 F.3d 289, 297 (1st Cir. 2004).

The Eye Clinic's medical records of the other patients were (1) made for purposes of diagnosis and treatment of patients, (2) reflect medical history or present symptoms, and (3) they are necessary for treatment or diagnosis. Although the medical records are not related to the plaintiff, they satisfy the Danaipour test and they are relevant to demonstrate routine practice of the Eye Clinic under Rule 406. Thus, the medical records should be admitted into evidence.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL J. SULLIVAN
        United States Attorney

By:     /s/ Christopher Alberto
        Christopher Alberto
        Assistant U.S. Attorneys
        1 Courthouse Way
        Boston, MA 02210
        617-748-3311 (Voice)
        617-748-3969 (Fax)
        christopher.alberto@usdoj.gov

**CERTIFICATE OF SERVICE**

Suffolk, ss.        Boston, Massachusetts
        DATE: June 28, 2006

I, Christopher Alberto, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon counsel of record in this action electronically and by hard copy.

        /s/ Christopher Alberto
        Christopher Alberto
        Assistant U.S. Attorney