UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JUDITH THIBEAU                      )
and GEORGE THIBEAU,                 )
                                    )
Plaintiffs,                         )   C.A. No. 1:04-cv-10643-MLW
                                    )
v.                                  )
                                    )
UNITED STATES OF AMERICA and EAST   )
BOSTON NEIGHBORHOOD HEALTH CENTER   )
CORPORATION,                        )
                                    )
Defendants.                         )
_____)

**MOTION IN SUPPORT OF JUDGMENT ON PARTIAL FINDINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(C)**

The only question of fact in the present case is whether the East Boston Neighborhood Health Center ("Eye Clinic") warned Judith Thibeau that an eye dilation procedure would make her eye sight blurry and her eyes sensitive to light. The defendants are entitled to a judgment on partial findings, under Rule 52(c)[1], because the plaintiffs cannot sustain the claim of negligence.

---

[1] "Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule." Fed. R. Civ. P. 52(c).

1

"The text of the rule is clear.  When a party has finished presenting evidence and that evidence is deemed by the trier insufficient to sustain the party's position, the court need not waste time, but, rather, may call a halt to the proceedings and enter judgment accordingly."  Morales Feliciano v. Rullan, 378 F.3d 42, 59 (1st Cir. 2004).

The plaintiffs cannot sustain their claims because Judith Thibeau had been warned by the Eye Clinic staff in the past and knew of the effects of the dilation.  The plaintiff's knowledge of the danger relieves the defendant of liability because "a warning would not reduce the likelihood of injury.  Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1312(Mass. 1988) (knowledge of a danger shows obviousness in limiting products liability).[2] Massachusetts affords the same defense to other types of liability, including premises liability.  O'Sullivan v. Shaw, 726 N.E.2d 951, 954 (Mass. 2000) ("[I]t is well established in our law of negligence that a landowner's duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of

---

[2] "As this court has recognized, where the danger presented by a given product is obvious, no duty to warn may be required because a warning will not reduce the likelihood of injury. [citations omitted]. Colter [plaintiff] admitted he knew it was dangerous to grease the gears while operating the machine. In these circumstances, a warning would not reduce the likelihood of injury. We therefore agree with Barber-Greene [defendant] that it was entitled to a judgment on this theory as a matter of law." Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1312(Mass. 1988).

average intelligence.").

Judith Thibeau had specific knowledge that dilation would cause blurriness of the eyes and that driving after dilation is unsafe. In the past, she was warned by Eye Clinic personnel that dilation causes blurriness and she must exercise caution. In fact, she was sent home from the Eye Clinic without dilation on a previous visit to the Eye Clinic because she did not have a companion to drive her home safely and it was unsafe to allow her to drive home alone after dilation. Furthermore, Judith Thibeau admitted that she knew from a visit prior to September 26, 2002 that the eye dilation drops would cause blurriness. Therefore, under Massachusetts law, a warning would be futile and was thus unnecessary. Because there are no relevant question of material fact, the defendants are entitled to judgment as a matter of law pursuant to Rule 52(c).

                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        */s/Christopher Alberto*
                                        Christopher Alberto
                                        Anton P. Giedt
                                        Assistant U.S. Attorney
                                        Federal Courthouse, Suite 9200
                                        1 Courthouse Way
                                        Boston, MA 02210
                                        617-748-3100

Date: June 28, 2006

CERTIFICATE OF SERVICE

    This is to certify that the foregoing, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                  */s/Christopher Alberto*
                                                Christopher Alberto
                                                Assistant United States Attorney