UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU                                                    Docket No. 04-10643MLW
and GEORGE THIBEAU,
        Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
        Defendants.

## PLAINTIFFS' PROPOSED RULINGS OF LAW

**Negligence**

1. "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage. [citation omitted]" Jupin v Kask, 447 Mass. 141, 146, 849 N.E.2d 829 (2006)

**Duty of Care**

2. "… the courts will find a duty where, in general, reasonable person would recognize it and agree that it exists." Luoni v Berube, 431 Mass. 729, 735, 729 N.E.2d 1108 (2000)

3. ""[a]s a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others." <u>Remy v MacDonald</u>, 440 Mass. 675, 677, 801 N.E.2d 260 (2004) citing Restatement (Second) Torts Sec. 302 comment a (1965). A precondition to this duty is, of course, that the risk of harm to another be recognizable or foreseeable to the actor. See <u>Foley v Boston Hous. Auth.</u>, 407 Mass. 640, 646, 555 N.E.2d 234 (1990), quoting <u>Husband v Dubose</u>, 26 Mass. App. Ct. 667, 669, 531 N.E.2d 600 (1988) ("There is no duty owed when the risk which results in the plaintiff's injury is not one which could be reasonably anticipated by the defendant")." <u>Jupin v Kask</u>, supra at 147.

**Duty of Care / Duty to Warn**

4. "An owner or <u>possessor</u> of land owes a common-law duty of reasonable care to all persons lawfully on the premises.  [emphasis added]  See <u>Davis v Westwood Group</u>, supra.  This duty includes an obligation to "maintain[] his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk," <u>Mounsey v Ellard</u>, 363 Mass. 693, 708, 297 N.E2d 43 (1973), and "to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should beware." <u>Davis v Westwood Group</u>, supra, and cases cited." <u>O'Sullivan v Shaw</u>, 431 Mass. 201, 204, 726 N.E.2d 951 (2000).

5. ""A duty to warn depends on … superior knowledge and is said to exist when one may reasonably foresee danger of injury or damage to one less knowledgeable unless

adequate warning of danger is given." Lakatosh v Diamond Alkali Co., 208 N.W.2d 910, 913 (Iowa 1973)." Fiorentino v Staley Manufacturing Company, 11 Mass. App. Ct. 428, 433, 416 N.E.2d 998 (1981)

6. As part of its duty of care to patients whose eyes had been dilated, the eye clinic had a duty to warn patients of foreseeable risks of harm to such patients. Fiorentino v Staley Manufacturing Company, 11 Mass. App. Ct. 428, 416 N.E.2d 998 (1981).

7. The eye clinic had a duty to warn Ms. Thibeau of the risks of harm that the stairs presented to her after her eyes were dilated.

**Adequacy of Warning**

8. ""An adequate warning is one reasonable under the circumstances. [citations omitted] A warning may be inadequate in factual content, in expression of the facts, or in the method by which it is conveyed. Ortho Pharmaceutical Corp. v. Chapman, 388 N.E.2d at 552." Brochu v Ortho Pharmaceutical Corp. 642 F.2d 652, 656 (1st Cir. 1981)

9. "The common law duty to warn ... necessitates a warning "comprehensible to the average user and ... convey[ing] a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person." [citation omitted] MacDonald v. Ortho Pharmaceutical Corp., 394 Mass 131, 140, 475 N.E.2d 65, 71 (1985).

10. "An adequate warning is by definition one that would in the ordinary course have come to the user's attention. The failure to give such a warning therefore permits the inference that it would have alerted the user to the danger and forestalled the accident.

> The jury … [is] free to draw such an inference absent some negating evidence binding on the plaintiffs. The burden was on the defendants to come forward with evidence tending to rebut such an inference; the plaintiffs … [are] not required to refute a hypothesis which was never raised. *Wolfe v. Ford Motor Co.,* 6 Mass.App.Ct. 346, 352, 376 N.E.2d 143 (1978)

11. "'If the manufacturer owes a duty to use due care in making his products, he owes also the companion duty to warn of the latent limitations of even a perfectly made article, the use of which, however, is dangerous if the user is ignorant of those limitations and the manufacturer has no reason to believe that he will recognize the danger." Tomao v. A. P. DeSanno & Son, 209 F.2d 544, 546 (3d Cir. 1954) (a diversity case applying Massachusetts law and discussing Carter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693 (1946)).

12. The duty to warn of dangers is not necessarily discharged by mere directions for use. [citations omitted]  Further, the forcefulness of the warning must be commensurate with the danger involved. [citations omitted]" *Wolfe v. Ford Motor Co.,* 6 Mass.App.Ct. 346, 350, 376 N.E.2d 143 (1978)

13. "The greater the foreseeable risk of serious injury, the greater the duty to furnish warnings that bring home the consequences that might follow from not taking certain precautions …." [citations omitted]  Fiorentino v Staley Manufacturing Company, 11 Mass. App. Ct. 428, 434, 416 N.E.2d 998 (1981)

14. "Thus, even if a warning is given and understood by an experienced consumer of the product, it may yet be found to be "qualitatively insufficient" in failing to convey the degree of intensity or urgency of the risk involved." [citation omitted]  Knowlton, et

al v Deseret Medical, Inc., et al 1989 WL 143158 (D.Mass.), Prod.Liab.Rep. (CCH) P 12,306 (Collings, M.J.)

**Failure to Warn Creates Presumption of Proximate Cause**

15. "… where no warning is given, or where an inadequate warning is given, a rebuttable presumption arises, beneficial to the plaintiff, that the failure to adequately warn was a proximate cause of the plaintiff's ingestion of the drug. This presumption, absent the production of rebutting evidence by the defendant, is sufficient to satisfy the first branch of the plaintiff's proximate cause burden."   Knowlton v. Deseret Medical, Inc. C.A.1 (Mass.),1991, 930 F.2d 116, Prod.Liab.Rep. (CCH) P 12,804.

16. "An adequate warning is by definition one that would in the ordinary course have come to the user's attention. The failure to give such a warning therefore permits the inference that it would have alerted the user to the danger and forestalled the accident."   Hubbard-Hall Chem. Co. v. Silverman, 340 F.2d 402, 406 (1st Cir. 1965) (Aldrich, C. J., concurring). [further citations omitted].

17. "Massachusetts law permits the jury to infer that a warning, if properly given, would have been followed. See Harlow v. Chin, 405 Mass. 697, 702-703, 545 N.E.2d 602 (1989).

**Duty to Warn / Open and Obvious Conditions**

18. "… where a danger would be obvious to a person of **ordinary perception** and judgment, a landowner may reasonably assume that a visitor has knowledge of it and, therefore, "any further warning would be an empty form" that would not reduce the likelihood of resulting harm. [citations omitted]" [emphasis added] O'Sullivan v Shaw, 431 Mass. 201, 204, 726 N.E.2d 951 (2000).

**Rulings of Law Applied to the Instant Case**

19. As a matter of law the eye clinic knew or should have known that dilating patients' [such as Judith Thibeau's] eyes created a foreseeable risk of harm to such patients who used the stairs to travel from the door of the eye clinic on the second floor of the building at 79 Paris Street to the front door of that building on the first floor.

20. Considering the fact that dilating eye drops cause certain side effects (such as loss of contrast sensitivity, decreased depth perception, blurry vision, sensitivity to light and disorientation) and that certain of the eye clinic's patients would use the stairs to travel from the second floor to the first floor after having their eyes dilated, it was foreseeable to the eye clinic that application of dilating eye drops to its patients [such as Judith Thibeau] who would use the stairs created a risk of harm to such patients.

21. The risk of harm that the stairs posed to eye clinic patients [such as Judith Thibeau] whose eyes had been dilated was not open and obvious to those patients, because such patients whose eyes had been dilated were not (by reason of the effect of the dilating eye drops) persons of ordinary perception and judgment.

*22.*   As part of its duty of care to patients whose eyes had been dilated, the eye clinic had a duty to warn patients of foreseeable risks of harm to such patients.

*23.*   The eye clinic had a duty of care to patients whose eyesight was impaired due to dilation to make sure that those patients made it safely out of the building where the clinic was located.

24.   The eye clinic had a duty to warn Ms. Thibeau of the risks of harm that the stairs presented to her after her eyes were dilated.

25.   The eye clinic had a duty of care to fully, adequately and forcefully warn Ms. Thibeau of the common side effects of dilation and the risk of harm that side effects caused alone and in combination with expected conditions of the eye clinic and the building in which it is located, including the risk posed by stairs in the clinic's building.

26.   The eye clinic had a duty of care to fully, adequately and forcefully warn Ms. Thibeau of the risk of harm that the stairs in the clinic's building posed to her due to the influence and common side effects of dilation.

27.   Considering the fact that the eye clinic knew or should have known of certain common side effects of eye dilation which Ms. Thibeau did not know of and of the dangers posed by stairs in combination with dilation side effects, the eye clinic had a duty to warn Ms. Thibeau of all such common side effects and risk that such side effects created for patients [such as Ms. Thibeau] whose eyes had been dilated before such patients used the stairs in the eye clinic building

28.   As part of its general duty of reasonable care to avoid physical harm to Ms. Thibeau caused by the recognizable and foreseeable risk of harm posed by the stairs to patients

whose eyes were dilated, the eye clinic had a duty to notify Ms. Thibeau of the presence and availability of an elevator in the building. The mere presence of the elevator near to the stairs did not discharge the clinic's duty of care to avoid the risk of harm to Ms. Thibeau, especially when considering the superior knowledge the clinic had with regard to the expected side effects of dilation on Ms. Thibeau and the degree of risk posed by the stairs to patients such as Ms. Thibeau.

        Plaintiffs,
        Judith and George Thibeau,
        by their attorney,

        /s/ James L. Frederick
        James L. Frederick, Esq.
        BBO #543597
        Koufman & Frederick, LLP
        1330 Beacon Street, Suite 311
        Brookline, MA 02446-3202

Case 1:04-cv-10643-LTS   Document 60   Filed 07/27/2006   Page 9 of 9