UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

JUDITH THIBEAU                                                      Docket No. 04-10643MLW
and GEORGE THIBEAU,
          Plaintiffs,

v.

UNITED STATES OF AMERICA
and EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
          Defendants.

### AMENDMENT TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF EXPERT'S TRIAL TESTIMONY'

In response to a letter that was sent by defense counsel to trial judge magistrate Sorokin[1], plaintiffs state that during trial they were made aware that defense counsel planned to file a motion to strike certain particular lines of the transcript of plaintiffs' expert's trial testimony; but when plaintiffs actually obtained defendant's motion to strike after its filing with the court such motion was much more extensive and sought to exclude more lines of testimony than anticipated by plaintiffs prior to obtaining a copy of the filed motion. Plaintiffs have no record of having received a copy of a draft motion to strike either by electronic mail or by facsimile prior to the actual filing of such motion.

With regard to any telephone conversation that may have taken place between counsel within a few days prior to the actual filing of defendant's motion to strike – and given the

---

[1] Plaintiffs' attorney finds the sending of a letter to the trial judge – rather than filing a further pleading - to be unusual. The letter does not appear to be a pleading contemplated or allowed by Federal Rules of Civil Procedure or the Local Rules of this court. Therefore it is unclear how to respond to such letter, other than in the form of a pleading like the instant amendment.

generally amiable relationship between counsel - it is possible a telephone conversation similar to that set forth in the letter from defense counsel to Magistrate Judge Sorokin may have occurred. However, the actual content of defendant's motion to strike would not have been discussed during such conversation. Since plaintiffs were not aware of the (more) extensive nature of defendant's motion at the time of that conversation, plaintiffs chose to briefly raise the issue of late filing in their opposition to the motion to strike.

Considering the above, and since the major thrust of plaintiffs' opposition to defendant's motion to strike is not whether the motion was filed one week after the deadline set forth by the court plaintiffs hereby amend their opposition to defendant's motion to strike by deleting the following sentence on the first page of plaintiffs' opposition: "First, the court should not consider the motion because it was filed one week past the deadline set by the court for its filing." Otherwise plaintiffs intend that their opposition remain entirely the same as originally filed.

Plaintiffs,
Judith and George Thibeau,
by their attorney,

/s/ James L. Frederick
James L. Frederick, Esq.
BBO #543597
Koufman & Frederick, LLP
1330 Beacon Street, Suite 311
Brookline, MA 02446-3202